Graham B. LippSmith (SBN 221984)
g@lippsmith.com
MaryBeth LippSmith (SBN 223573)
mb@lippsmith.com
Jaclyn L. Anderson (SBN 258609)
jla@lippsmith.com
**LIPPSMITH LLP**
555 S. Flower Street, Suite 4400
Los Angeles, California 90071
Tel: (213) 344-1820 / Fax: (213) 513-2495

Jeremy M. Glapion
*Admitted Pro Hac Vice*
jmg@glapionlaw.com
**GLAPION LAW FIRM**
1704 Maxwell Drive
Wall, New Jersey 07719
Tel: (732) 455-9737 / Fax: (732) 965-8006

Jason T. Dennett (WSBA #30686)
*Admitted Pro Hac Vice*
jdennett@tousley.com
Kaleigh N. Boyd (WSBA #52684)
*Admitted Pro Hac Vice*
kboyd@tousley.com
**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101-3147
Tel: (206) 682-5600 / Fax: (206) 682-2992

Attorneys for Plaintiffs and the Class

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MCGINNIS and CYNDY BOULTON, individually, and on behalf of all others similarly situated;<br><br>Plaintiffs,<br>v.<br><br>COMMUNITY.COM, INC.;<br><br>Defendant. | Civil Case No.: 2:23-cv-02426-SB-JPR<br><br>**JOINT FED. R. CIV. P. RULE 26(f) REPORT**<br><br>• Orig. Compl. Filed:  3/31/23<br>• Not Removed<br>• Resp. to Compl. due:  7/17/23<br>• Trial (Proposed):  1/13/25<br>• MSC:  7/21/23 |

1
**JOINT FED. R. CIV. P. RULE 26(f) REPORT**

Plaintiff Cyndy Boulton, on behalf of herself and all others similarly situated (collectively, "Plaintiff"), together with Defendant Community.com, Inc. ("Community" or "Defendant") (collectively, the "Parties") respectfully submit the following Joint Fed. R. Civ. P. Rule 26(f) Report, pursuant to the Federal Rules of Civil Procedure, Central District of California Local Rules, and the Court's Mandatory Scheduling Conference (MSC) Order, stating as follows:

1.  **SUBJECT MATTER JURISDICTION**

**Plaintiffs' Position**

The Court has jurisdiction of this matter under 28 U.S.C. § 1332(d) ("CAFA") because the amount in controversy exceeds $5,000,000.00 and there is at least minimal diversity.

**Jurisdiction for Plaintiff McGinnis's Claims:** Defendant's counsel has provided evidence that Plaintiff McGinnis appears to have signed up for and agreed to use Community's services, including acceptance of Community's Terms of Use. Those Terms of Use contain an arbitration agreement, which, if valid, would mean that Plaintiff McGinnis cannot proceed before this Court for his claims made in this lawsuit. Plaintiffs' counsel acknowledges the significance of that evidence and do not intend to continue prosecuting the action on McGinnis's behalf. Plaintiffs' counsel has attempted to communicate with Plaintiff McGinnis following receipt of that information but have not been able to reach him despite numerous requests.

The Parties have agreed to request a 30-day stay of McGinnis's claims so that Plaintiffs' counsel can continue to attempt to reach McGinnis and if they cannot reach him, to file a motion to withdraw that complies with all notice requirements.  The stipulation to stay McGinnis's claims will be on file before the Case Management Conference. In that stipulation, the parties will further ask the Court to include in its order a requirement that McGinnis file an appearance within 14 days of the date of the Order or he will be dismissed from the action along with

a requirement that Plaintiffs' counsel serve the Order on McGinnis within two days of the issuance of the Order and file proof of service with the Court.

The Parties agree that this approach will avoid the need to burden the Court and Community with a motion to compel arbitration unless and until McGinnis indicates that he plans to prosecute the action despite withdrawal of his counsel.

**Defendant's Position**

**Lack of Subject Matter Jurisdiction.** This Court lacks subject matter jurisdiction over this action because Plaintiff's bare alleged violations of CIPA and ECPA are insufficient to confer Article III standing. Plaintiff Cyndy Boulton has alleged only a bare statutory violation without even identifying the content of her alleged text to Community Leader LL Cool J's Community Number, much less any sensitive information included in that text. As the Court held recently in dismissing similar wiretap claims, this is plainly insufficient. *Byars v. Sterling Jewelers, Inc.*, No. 5:22-cv-01456-SB-SP, 2023 WL 2996686, at *2-4 (C.D. Cal. Apr. 5, 2023) (Blumenfeld, J.) (dismissing complaint for lack of subject matter jurisdiction because the complaint did not "identify any specific personal information" in the messages at issue that could possibly "implicate[] any harm to [plaintiffs'] privacy").

> 2. **STATEMENT OF THE CASE: A short synopsis of the main claims, counterclaims, affirmative defenses, and procedural history**

**Procedural history**

Plaintiffs filed an initial Complaint on March 31, 2023, alleging violations of CIPA sections 631, 632, and 632.7 and of the federal Wiretap Act section 2511(1)(a) ECPA.

On May 12, 2023, the Parties entered into a Stipulation Extending Time to Respond to Initial Complaint. On May 15, 2023, the Court entered an Order Granting Stipulation Extending Time to Respond to Initial Complaint stating the following:

> Based on the Stipulation to Extend Defendant's Time to Respond to Initial Complaint, Dkt. No. 23, **IT IS HEREBY ORDERED** that Community.com, Inc. will respond to the Complaint on or before July 17, 2023.
>
> The extension request appears excessive. Nevertheless, the Court will grant it with a reminder that the pretrial and trial deadlines will be based on *the original response date* (May 16, 2023), so the parties should be prepared to move quickly and diligently. The Court also notes that it expects any arbitration issues to be resolved promptly. The parties are ordered to reproduce this paragraph in full in their Rule 26(f) status report.

**Plaintiffs' Statement**

Plaintiffs allege that Defendant Community.com's business practices violate federal and state wiretapping laws. Plaintiffs allege that Defendant intercepts, logs, and reads text communications sent by Plaintiffs to various celebrities, *inter alia*, Rita Wilson and LL Cool J. Specifically, when persons, such as Plaintiffs, send a text message to one of the celebrities on Defendant's platform, Defendant hijacks that message and prevents it from ever reaching the intended recipient's device, unless and until the sender signs up for Defendant's services. Community then accesses these hijacked messages. These practices take place after Plaintiffs have been lured to send personal messages to numbers held out to be those celebrities' personal cell phone numbers. Importantly, the intercept and other violations all occur prior to Plaintiffs ever having occasion to be aware (either actually or constructively) of Defendant's behavior. Defendant's conduct violates three separate provisions of California's wiretapping statute ("CIPA"), along with one provision of CIPA's federal analogue, the Electronic Communications Privacy Act ("ECPA").

4
**JOINT FED. R. CIV. P. RULE 26(f) REPORT**

Case 2:23-cv-02426-SB-JPR   Document 26   Filed 07/11/23   Page 5 of 15   Page ID #:131

**Defendant's Statement**

This is plaintiffs' counsel's second attempt to paint Community as an eavesdropper or wiretapper. In their first attempt, *Adler et al. v. Community.com*, the Court dismissed plaintiffs' CIPA section 631 and ECPA claims without leave to amend, but allowing claims for violation of CIPA sections 632 and 637.7 to survive the pleadings state. (*Adler et al v. Community.com*, No. 2:21-cv-02416-SB-JPR, 2021 WL 4805435 (C.D. Cal. Aug. 2, 2021).) Thereafter, plaintiffs dismissed all of their claims with prejudice.

Almost 18 months later, plaintiffs' counsel are back, filing a complaint on behalf of different plaintiffs, Michael McGinnis and Cyndy Boulton, alleging identical claims based on the similar allegations as in *Adler*. Intervening law since the Parties' briefing and the Court's ruling on the motion to dismiss in *Adler* has further undermined Plaintiffs' claims. For example, the Supreme Court issued its ruling in *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021), holding a statutory violation does not create Article III standing. And since this Court issued its ruling in *Adler*, numerous courts have analyzed CIPA and ECPA claims like those asserted in this action and have dismissed those claims on a variety of grounds not considered by the Court in ruling on the *Adler* motion to dismiss.

Boulton has agreed to dismiss her CIPA section 631 and ECPA claims without leave to amend on the grounds that the Court dismissed those claims in *Adler*. Community does not oppose the request, but expressly preserves in this action all arguments it made in its motion to dismiss the *Adler* complaint. The parties filed a stipulation reflecting their agreement for the Court's consideration concurrently with this Joint Statement.

Boulton's remaining claims fail for reasons not reached by the Court in *Adler*. As discussed above, Boulton lacks standing to bring her remaining claims. In addition, those claims suffer from numerous defects, including: for CIPA section 632, electronic communications like texts are not "confidential communications" and

5
**JOINT FED. R. CIV. P. RULE 26(f) REPORT**

Community's platform is a software application, not a "device;" and for CIPA section 637.7, Community does not "intercept" communications in transit and Community is not a cellular or landline telephone as required under this section.

### 3. DAMAGES / INSURANCE

#### a. *Realistic Range of Provable Damages*

**Plaintiffs' Position**

Discovery is only now commencing, but each violation of CIPA is punishable through a statutory penalty of $5,000.00, and each violation of the ECPA is punishable by $10,000 in statutory damages. Damages will be calculated by ascertaining the number of inbound text messages and multiplying that number of total messages by the applicable statutory penalty.

**Defendant's Position**

Community disputes that Boulton is entitled to any damages as she cannot prove her individual claims for violation of statutes that do not apply to Community's technology and role as a service provider. In addition, Boulton will not be able to meet her burden to certify any class.

#### b. *Insurance*

**Plaintiffs' Position**

Not applicable.

**Defendant's Position**

Defendant is not currently aware of an insurance policy that provides coverage for this matter.

### 4. PARTIES, EVIDENCE, ETC.:  A list of parties, percipient witnesses, and key documents on the main issues in the case.  For conflict purposes, corporate parties must identify all subsidiaries, parents, and affiliates.

**Parties:**  Plaintiffs, Michael McGinnis and Cyndy Boulton, and Community.

**JOINT FED. R. CIV. P. RULE 26(f) REPORT**

**Plaintiffs' Position on Percipient Witnesses and Key Documents**

Plaintiffs have not yet served their first set of discovery requests on Defendant given the procedural posture of the case, including Defendant's plan to seek dismissal based on the threshold standing requirement. Plaintiffs anticipate ascertaining the nature of Defendant's platform as it relates to Plaintiffs' allegations through written discovery and will seek to depose various witnesses within Defendant's corporate hierarchy, including a 30(b)(6) witness at the appropriate time and technical witnesses responsible for developing and operating Defendant's software. Plaintiffs will also seek the depositions of some of Defendant's clients, as Defendant claims it was acting with those clients' consent when engaging in the conduct alleged here. Relatedly, Plaintiffs may ultimately seek to add additional parties if there seems to be liability under the aiding/abetting provisions of the pending claims.

**Defendant's Position on Percipient Witnesses and Key Documents**

Key witnesses who may have relevant knowledge regarding Boulton's claims and Community's defenses, include: a) Boulton; and b) Community personnel who can testify regarding the Community platform and technology as it pertains to any claim(s) remaining in the case after the Court rules on the pending motion to dismiss, and Community's terms and conditions for Community Leaders.

If the complaint survives Community's motion to dismiss for lack of subject matter jurisdiction and failure to state a claim, the categories of documents relevant to Boulton's claims include documents related to reasonable expectations of whether text messages to LL Cool J would be facilitated by technology, consent to the technology facilitating Plaintiff's communications to LL Cool J; and platform technology related to the elements of any remaining claim(s).

**Subsidiaries, parents and affiliates**: Community is a privately held company with no parent company, subsidiaries, or affiliates. Salesforce, Inc. indirectly owns more than 10% of Community's outstanding stock.

## 5. DISCOVERY

### a. Status of Discovery

The Parties agree that discovery should begin once the Court rules on Community's motion to dismiss for lack of subject matter jurisdiction and failure to state a claim. Boulton will oppose Community's motion, but she acknowledges that the challenge to the Court's subject matter jurisdiction raises a threshold issue that should be decided before the Parties embark on discovery. In addition, as was the case in *Adler*, the Parties anticipate that, at the least, the Court's ruling and analysis will shape the contours of and scope of discovery.

Community's motion to dismiss will be filed on or before July 17, 2023, and will be heard in mid-August, so the Parties expect that any delay in litigating the case will be minimal.

### b. Discovery Plan

At this point, the Parties do not request any changes to the Federal Rules of Procedure as they pertain to discovery. As discovery proceeds, Plaintiffs may seek leave of Court for additional witness depositions exceeding the maximum number provided by Rule 30.

**Plaintiffs' Position**

Plaintiffs anticipate requesting information, through depositions and written discovery, on, among other things, the operation of Defendant's platform, Defendant's contracts and relationships with its "Community Leaders," if, how, and when Defendant accesses the texts at issue, and Defendant's business model.

**Defendant's Position**

Community expects that the Court will grant its motion and dismiss the Complaint with prejudice. If the case goes forward, Community will request information and documents regarding Boulton's texts to LL Cool J's Community Number, her other interactions with LL Cool J, her view that she or anyone else understood that sending a text to a celebrity who advertised his Community

Number to his 2 million followers would be delivered directly to the celebrity's phone without the use of a software platform, and any alleged harm she suffered as a result of sending two texts to LL Cool J.

### 6. LEGAL ISSUES

**Plaintiffs' Position**

The key legal issues in this case fall into two categories: (1) class certification issues pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3); and (2) legal issues relating to the alleged statutory violations. Specifically, these legal issues include whether and when Defendant intercepted, recorded, eavesdropped on, or accessed the communications sent from Plaintiff Boulton to LL Cool J, without the consent of all parties to the communication, and whether those text messages were confidential communications. The issues raised in Defendant's Rule 12(b)(6) motion will likely be litigated throughout this case.

Plaintiffs largely agree with Defendant's summation of the issues below, with the exception of d). The statute does not require the involvement of two cellular phones. Even if it somehow did, Defendant's platform is not the proper frame of reference for that analysis pursuant to CIPA § 632.7, as the communication at issue was being transmitted between two cellular telephones: Plaintiff Boulton's and LL Cool J's.

**Defendant's Position**

The key legal issues include whether: a) if McGinnis advises the Court and the parties that he intends to prosecute his claims, McGinnis should be required to arbitrate his claims in accordance with his agreement with Community if he is not dismissed from the action; b) Boulton has standing to pursue her claims; c) if the Court does not grant the Parties' stipulation regarding claims dismissed without leave to amend in *Adler*, Boulton's CIPA section 631 and ECPA claims fail for the same reason the Court already dismissed the identical claims with prejudice from the *Adler* action; d) Boulton's remaining claims fail to state a claim for reasons not

ruled on by the Court in *Adler*; e) Boulton's texts to LL Cool J constituted confidential communications; f) it is objectively reasonable for Boulton to expect that her texts could get to LL Cool J without use of technology such as Community; g) Boulton consented to Community's involvement in the communication to LL Cool J; h) Community's software application is a "device" or a cellular radio telephone; i) Boulton can meet her burden to certify a class; and j) if so, she can prove her class claims on the merits, including whether she is entitled to any relief.

### 7. MOTIONS

#### a. Procedural Motions

**Plaintiffs' Position**

Per the discussion above, the Parties have stipulated to stay McGinnis's claims to allow time for Plaintiffs' counsel to continue trying to contact him and discuss whether he intends to continue prosecuting his claims. If Plaintiffs' counsel continue to be unable to contact him, they will file a motion to withdraw as counsel of record for Plaintiff Michael McGinnis at least seven days before the stipulated stay expires.

Subject to conferencing with Defendant, there may be a need to seek leave for additional witness depositions.

Subject to the aforementioned discovery, Plaintiffs may seek to amend the pleadings to add additional defendants.

**Defendant's Position**

Community disputes that additional witness depositions beyond the applicable limits in the Federal Rules are needed. Community does not anticipate filing any procedural motions to add claims or parties or to transfer venue.

#### b. Dispositive Motions

**Plaintiffs' Position**

Either party may seek Rule 56 disposition of the claims.

**Defendant's Position**

On or before July 17, 2023, Community will file its motion to dismiss the complaint for lack of subject matter jurisdiction under Rule 12(b)(1) and failure to state a claim under Rule 12(b)(6). If any of Boulton's claims survive, Community may file a motion for summary judgment on Boulton's individual claims.

   *c.* *Class Certification Motion*

The Parties propose the following class certification motion schedule:

- January 12, 2024: Plaintiffs file their class certification motion
- February 9, 2024: Community files its opposition
- March 1, 2024: Plaintiffs file their reply
- March 22, 2024: Oral argument on the motion

This schedule reflects the Court's requirement that plaintiff file the class certification motion within 120 days of the case management conference, plus six weeks to allow time for the ruling on Community's motion to dismiss before beginning discovery. It also reflects a slightly longer briefing schedule than the Court set in *Adler* to allow time for the Parties to depose experts who submit reports in support of the Parties' class certification briefs.

**8. ALTERNATIVE DISPUTE RESOLUTION (ADR)**

   *a.* *Prior Discussions*

The Parties have had a very limited discussion under Rule 408.

   *b.* *ADR Selection*

The Parties agree to engage in private mediation or a settlement conference, if and when they agree that settlement discussions might be fruitful.

**9. TRIAL**

   *a.* *Proposed Trial Date*

The Parties agree on a January 13, 2025 trial date based on the guidelines specified in the Court's CMC Order and the schedule the Court set in *Adler*. The only changes to the *Adler* schedule are: 1) to allow for filing of summary judgment

motions after the close of expert discovery; and 2) to push the trial date from December 20, 2024 to January 2025 due to the holidays:

- March 22, 2024:		Hearing on Class Certification Motion
- June 17, 2024		Initial Expert Disclosures
- July 19, 2024		Rebuttal Expert Disclosures
- July 19, 2024		Fact Discovery Cutoff
- August 16, 2024		Expert Discovery Cutoff
- August 16, 2024		Discovery Motion Hearing Deadline
- September 20, 2024		Non-Discovery Motion Hearing Deadline
- October 4, 2024		Settlement Conference/Mediation Deadline
- November 1, 2024		Trial Filings (1st Set)
- November 15, 2024		Trial Filings (2nd Set)
- December 6, 2024		Pre-Trial Conference
- January 13, 2025		Trial

### b.  *Time Estimate*

**Plaintiffs' Position**

Based on the information presently available and subject to discovery, Plaintiffs anticipate a one-week jury trial.

**Defendant's Position**

Defendant estimates a one-day trial on Boulton's individual claims.

If there will be any trial on behalf of a class, Defendant agrees with Boulton's one-week estimate.

### c.  *Jury or Court Trial*

Plaintiffs request and anticipate trial by jury.

### d.  *Magistrate Judge*

The Parties do not consent to try the case before a Magistrate Judge.

      *e.*    **Trial Counsel**

**Plaintiffs:** Plaintiffs anticipate shared responsibilities at trial between Glapion Law Firm (Mr. Jeremy Glapion), Tousley Brain Stephens PLLC (Mr. Jason Dennett), and LippSmith LLP (Mr. Graham B. LippSmith, Ms. MaryBeth LippSmith, and Ms. Jaclyn L. Anderson). Additionally, Plaintiffs now designate Graham B. LippSmith as lead trial counsel.

**Defendant:** Defendant anticipates that Tiffany Cheung and Nancy Thomas will be co-lead trial counsel for Defendant, with support from Michael Burshteyn and Elizabeth Hutchinson.

**10.   Special Requests / Other Issues**

The Parties do not believe that the Court should appoint an independent expert or master or that the procedures of the Manual for Complex Litigation should be used.

Dated: July 11, 2023

**LIPPSMITH LLP**

By: /s/ *Jaclyn L. Anderson*
GRAHAM B. LIPPSMITH
MARYBETH LIPPSMITH
JACLYN L. ANDERSON

**TOUSLEY BRAIN STEPHENS PLLC**
JASON T. DENNETT
KALEIGH N. BOYD

**GLAPION LAW FIRM, LLC**
JEREMY M. GLAPION

*Attorneys for Plaintiffs*

**MORRISON & FOERSTER LLP**

By: /s/ *Nancy R. Thomas*
TIFFANY CHEUNG
NANCY R. THOMAS

MICHAEL BURSHTEYN
ELIZABETH HUTCHINSON

*Attorneys for Defendant*
COMMUNITY.COM

## **ATTESTATION**

Pursuant to Civil L.R. 5-4.3.4, I, Jaclyn L. Anderson, as the ECF user under whose credentials this document is filed, attest that concurrence in the filing of this document has been obtained from each of the other signatories.

I declare under penalty of perjury under the laws of California and the United States of America that the foregoing is true and correct.  Executed at Los Angeles, California this 11th day of July, 2023.

                                        /s/ *Jaclyn L. Anderson*
                                            JACLYN L. ANDERSON