TIFFANY CHEUNG (CA SBN 211497)
TCheung@mofo.com
MICHAEL BURSHTEYN (CA SBN 295320)
MBurshteyn@mofo.com
EMANI OAKLEY (CA SBN 347705)
EOakley@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

NANCY R. THOMAS (CA SBN 236185)
NThomas@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard, Suite 6000
Los Angeles, California 90017-3543
Telephone: 213.892.5200
Facsimile: 213.892.5454

Attorneys for Defendant
COMMUNITY.COM, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MICHAEL MCGINNIS and CYNDY BOULTON, individually, and on behalf of all others similarly situated,

Plaintiffs,

v.

COMMUNITY.COM, INC.,

Defendant.

Case No. 2:23-cv-02426-SB-JPR

**DEFENDANT COMMUNITY.COM, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

Date: August 11, 2023
Time: 8:30 a.m.
Court: Courtroom 6C
Judge: Hon. Stanley Blumenfeld, Jr.

Date Action Filed: March 31, 2023
Trial Date: Not Yet Set

**NOTICE OF MOTION AND MOTION TO DISMISS**

TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

Please take notice that on August 11, 2023, at 8:30 a.m., or as soon thereafter as the matter may be heard, before the Honorable Stanley Blumenfeld, Jr. in Courtroom 6C, located at the First Street U.S. Courthouse, 350 West 1st Street, Los Angeles, California 90012, Defendant Community.com, Inc. ("Community") will and hereby does move this Court for an order dismissing the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) without leave to amend on the grounds that:

a) Plaintiff Cyndy Boulton lacks Article III standing; and

b) Plaintiff Cyndy Boulton fails to state a claim upon which relief can be granted.

This Motion is based on this Notice of Motion and Motion; the accompanying Memorandum of Points and Authorities; the pleadings and other records in the Court's file; and such other additional evidence and argument as may be presented to the Court.

This Motion is made following the conferences of counsel pursuant to L.R. 7-3, which took place on July 7, 2023, and July 10, 2023. I certify that the parties met in person or by videoconference, thoroughly discussed each and every issue raised in the motion, and attempted in good faith to resolve the motion in whole or in part.

Dated: July 14, 2023

MORRISON & FOERSTER LLP

By: */s/ Nancy R. Thomas*
Nancy R. Thomas

***Attorneys for Defendant Community.com, Inc.***

# TABLE OF CONTENTS

**Page(s)**

INTRODUCTION ..... 1
FACTUAL BACKGROUND ..... 3
A. Community's Messaging Platform. ..... 3
B. The *Adler* Action. ..... 4
C. Cyndy Boulton's Allegations and Agreement to Dismiss Her ECPA and CIPA section 631 Claims Without Leave to Amend. ..... 4
LEGAL STANDARD ..... 5
ARGUMENT ..... 6
I. Plaintiff's Bare Alleged Procedural Violations of CIPA Are Insufficient to Confer Article III Standing. ..... 6
II. Plaintiff Fails to State a Claim Under CIPA. ..... 7
A. Plaintiff Fails to State a Claim under CIPA Section 632 ..... 8
1. Text messages are not confidential communications. ..... 8
2. Community's software is not a "device." ..... 10
B. Plaintiff Fails to State a Claim under CIPA Section 632.7 ..... 11
1. Boulton has not alleged the requisite use of two telephones. ..... 11
2. Boulton has not alleged interception. ..... 12
CONCLUSION ..... 12

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Adler v. Community.com, Inc.*,
No. 2:21-cv-02416-SB-JPR,
2021 WL 4805435 (C.D. Cal. Aug. 2, 2021) ............................................ *passim*

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ............................................................................ 5

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ............................................................................ 5

*Byars v. Hot Topic Inc.*,
No. EDCV 22-1652 JGB (KKx),
2023 WL 2026994 (C.D. Cal. Feb. 14, 2023) ........................................ 11

*Byars v. Sterling Jewelers, Inc.*,
No. 5:22-cv-01456-SB-SP,
2023 WL 2996686 (C.D. Cal. Apr. 5, 2023) ........................................ 2, 6, 7

*Campbell v. Facebook Inc.*,
77 F. Supp. 3d 836 (N.D. Cal. 2014) ..................................................... 9

*Chandler v. State Farm Mut. Auto. Ins. Co.*,
598 F.3d 1115 (9th Cir. 2010) .............................................................. 5

*Cline v. Reetz-Laiolo*,
329 F. Supp. 3d 1000 (N.D. Cal. 2018) ................................................. 8

*Facebook, Inc. v. Duguid*,
141 S. Ct. 1163 (2021) ........................................................................ 4

*Fetsch v. City of Roseburg*,
No. 6:11-cv-6343-TC,
2012 WL 6742665 (D. Or. Dec. 31, 2012) ............................................. 10

*Garcia v. Enter. Holdings, Inc.*,
78 F. Supp. 3d 1125 (N.D. Cal. 2015) ................................................... 3

*In re Google Inc.*,
No. 13-MD-02430-LHK,
2013 WL 5423918 (N.D. Cal. Sept. 26, 2013)....................9

*In re Google Location Hist. Litig.*,
428 F. Supp. 3d 185 (N.D. Cal. 2019)....................10

*Khoja v. Orexigen Therapeutics, Inc.*,
899 F.3d 988 (9th Cir. 2018)....................3

*Knievel v. ESPN*,
393 F.3d 1068 (9th Cir. 2005)....................3, 5

*Konop v. Hawaiian Airlines, Inc.*,
302 F.3d 868 (2002)....................12

*Licea v. Cinmar, LLC*,
-- F. Supp. 3d--, 2023 WL 2415592 (C.D. Cal. Mar. 7, 2023)....................11

*Lightoller v. Jetblue Airways Corp.*,
No. 23-cv-00361-H-KSC,
2023 WL 3963823 (S.D. Cal. June 12, 2023)....................7

*Lopez v. Smith*,
203 F.3d 1122 (9th Cir. 2000) (en banc)....................2-3

*Maya v. Centex Corp.*,
658 F.3d 1060 (9th Cir. 2011)....................6

*Moreno v. S.F. Bay Area Rapid Transit Dist.*,
No.17-cv-02911-JSC,
2017 WL 6387764 (N.D. Cal. Dec. 14, 2017)....................10

*People v. Lyon*,
61 Cal. App. 5th 237 (2021)....................10

*People v. Nakai*,
183 Cal. App. 4th 499 (2010)....................9

*Revitch v. New Moosejaw, LLC*,
No. 18-cv-06827-VC,
2019 WL 5485330 (N.D. Cal. Oct. 23, 2019)....................9

*Rodriguez v. Google LLC*,
No. 20-cv-04688-RS,
2021 WL 2026726 (N.D. Cal. May 21, 2021) .......... 8, 9

*Rodriguez v. Google LLC*,
No. 20-cv-04688-RS,
2022 WL 214552 (N.D. Cal. Jan. 25, 2022) .......... 11

*Sunbelt Rentals, Inc. v. Victor*,
43 F. Supp. 3d 1026 (N.D. Cal. 2014) .......... 9

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
551 U.S. 308 (2007) .......... 3

*TransUnion LLC v. Ramirez*,
141 S. Ct. 2190 (2021) .......... 1, 6

*Valenzuela v. Keurig Green Mountain, Inc.*,
No. 22-cv-09042-JSC,
2023 WL 3707181 (N.D. Cal. May 24, 2023) .......... 11

*In re Yahoo Mail Litig.*,
7 F. Supp. 3d 1016 (N.D. Cal. 2014) .......... 6, 9

**Statutes & Rules**

18 U.S.C.
§ 2511 .......... 1

Cal. Pen. Code
§ 631 .......... *passim*
§ 632 .......... *passim*
§ 632.7 .......... *passim*

Fed. R. Civ. P.
12(b)(1) .......... i, 5
12(b)(6) .......... i, 5

## INTRODUCTION

This is plaintiffs' counsel's second attempt to paint Community as an eavesdropper or wiretapper. In their first attempt, *Adler v. Community*, the Court dismissed plaintiffs' claims for violation of the federal Wiretap Act section 2511(1)(a) (ECPA) and California Invasion of Privacy Act (CIPA) section 631[1] with prejudice, leaving claims for violation of CIPA sections 632 and 632.7. *Adler v. Community.com, Inc.*, No. 2:21-cv-02416-SB-JPR, 2021 WL 4805435 (C.D. Cal. Aug. 2, 2021). Thereafter, in October 2021, plaintiffs dismissed all of their claims with prejudice. (*Adler*, ECF No. 42.)

Almost 18 months later, plaintiffs' counsel are back, filing a complaint on behalf of different plaintiffs, Michael McGinnis and Cyndy Boulton, alleging the same claims. Intervening law since the parties' briefing and the Court's ruling on the motion to dismiss in *Adler* has further undermined plaintiffs' claims. For example, the Supreme Court issued its ruling in *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021), holding a statutory violation alone does not create Article III standing. And since this Court issued its ruling in *Adler*, numerous courts have analyzed CIPA and ECPA claims like those asserted in this action and have dismissed those claims on a variety of grounds.

The parties agree that there is no reason to re-argue here the issues previously decided by the Court in the *Adler* motion to dismiss ruling. In fact, Boulton has agreed to dismiss her CIPA section 631 and ECPA claims without leave to amend.[2]

In this motion, Community moves to dismiss the remaining CIPA section 632 and 632.7 claims on grounds not ruled on by the Court in *Adler*, including

---

[1] All further statutory section references are to the California Penal Code.

[2] The parties have filed a stipulation to this effect with the Court, including both sides preserving the arguments they made in briefing the *Adler* motion to dismiss. (ECF No. 28.) If the stipulation is not granted by the Court, Community requests leave to supplement this motion to address the ECPA and CIPA section 631 claims.

based on interpretations of CIPA in orders issued after the *Adler* briefing and an argument raised by the Court in the *Adler* Order that the Court declined to reach without additional briefing.

***First***, Plaintiff Cyndy Boulton[3] lacks Article III standing to bring her claim. She has alleged only a bare statutory violation without even identifying the content of her text to Community Leader LL Cool J's Community number, much less any sensitive information included in that text. As the Court held recently in dismissing similar wiretap claims, this is plainly insufficient. *Byars v. Sterling Jewelers, Inc.*, No. 5:22-cv-01456-SB-SP, 2023 WL 2996686, at *2-4 (C.D. Cal. Apr. 5, 2023) (Blumenfeld, J.).

***Second***, Boulton's claim for violation of CIPA section 632 fails because, as the Court acknowledged in the *Adler* Order, courts have consistently found that electronic communications such as emails and chats are not "confidential" under the statute because unlike telephone conversations, they can be forwarded or shared. In addition, Community is not a "device" as required under section 632 because it is a software application, not a type of equipment.

***Third***, Boulton has not stated a claim for violation of CIPA section 632.7 because she has not alleged that Community is a cellular or landline telephone as required under this section or that Community "intercepts" communications in transit.

Because no amendment can fix Boulton's fundamentally flawed theories, the Court should dismiss this case without leave to amend. *See Lopez v. Smith*,

[3] Plaintiff Michael McGinnis agreed to arbitrate any disputes with Community, and the parties have stipulated to stay his claims while plaintiffs' counsel continue their efforts to advise him that they will no longer represent him and to require McGinnis to appear if he intends to proceed. Although Community does not waive and instead expressly reserves its right to move to compel McGinnis to arbitrate his claims in accordance with the parties' agreement, McGinnis's claims are the same as Boulton's claims, so the arguments in this Motion apply equally to his claims in any event.

203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (A district court may deny otherwise-liberally-granted leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." (citation omitted)).

## FACTUAL BACKGROUND

### A. Community's Messaging Platform.

Community is an innovative platform that connects businesses, brands, political and public figures, creators, musicians, celebrities, and more (which Community refers to as "Community Leaders") to their audiences at scale. (*See General FAQ: About Community*, https://www.community.com/help (last visited July 6, 2023).)[4] Community Leaders sign up with Community and are assigned a Community number. Community Leaders then independently determine how and when to distribute that number to communicate with their followers. (*General FAQ: How does it work*, https://community.com/help (last visited July 6, 2023).)

Individuals who want to communicate with the Community Leader can send a text to the Community number identified by the Community Leader. (Compl. ¶¶ 45, 49.) Plaintiff alleges that after the Community number receives a text, on behalf of the Community Leader, Community sends the individual "two immediate automated texts back," one of which provides a link to review and agree to Community's Terms of Service and Privacy Policy. (*Id.* ¶¶ 18-21, 28; *see also General FAQ: How does it work*.) Individuals are required to "sign up for

[4] The Complaint repeatedly references the Community.com website (*E.g.*, Compl. ¶¶ 1, 18, 20, 24, 43, 49, ECF No. 1), so the Court can take judicial notice of statements on its website in evaluating Community's motion to dismiss. "[C]ourts must consider the complaint in its entirety," including "documents incorporated into the complaint by reference." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). The incorporation-by-reference doctrine "prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken — or doom — their claims." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018); *see Knievel v. ESPN*, 393 F.3d 1068, 1076-77 (9th Cir. 2005) (applying incorporation-by-reference doctrine to publicly available website pages); *Garcia v. Enter. Holdings, Inc.*, 78 F. Supp. 3d 1125, 1136-37 (N.D. Cal. 2015) (same).

[Community's social media] platform" and those who complete the sign-up process and agree to Community's Terms of Service can communicate with the Community Leader through the platform. (*Id.* ¶ 18.)

**B. The *Adler* Action.**

Most of the same plaintiffs' counsel representing Boulton in this action filed *Adler v. Community.com*, No. 2:21-cv-02416-SB-JPR (C.D. Cal), in March 2021. *Adler* began as a TCPA case. (*Adler*, ECF No. 1.) But the Supreme Court's ruling in *Facebook, Inc. v. Duguid*, 141 S. Ct. 1163 (2021), precluded their claims and sent plaintiffs back to the drawing board. In an amended complaint, they repackaged their allegations to assert wiretap and surreptitious recording claims under ECPA and CIPA sections 631, 632, and 632.7.

Community moved to dismiss the complaint in its entirety. (*Adler*, ECF No. 23.) The Court dismissed plaintiffs' ECPA and CIPA section 631 claims without leave to amend because plaintiffs did not allege Community "intercepted" the communications while they were in transit, and the deficiencies in the allegations could not be cured. *Adler*, 2021 WL 4805435, at *3-4. The Court allowed plaintiffs' section 632 and 632.7 claims to proceed, "declin[ing] to definitively resolve" at the pleading stage whether it was unreasonable for the *Adler* plaintiffs to expect that their texts to a celebrity they did not know were confidential. *Id.* at *5.

After initial discovery, plaintiffs subsequently voluntarily dismissed all of their claims with prejudice. (*Adler*, ECF No. 42.)

**C. Cyndy Boulton's Allegations and Agreement to Dismiss Her ECPA and CIPA section 631 Claims Without Leave to Amend.**

About 18 months later, plaintiffs' counsel filed this action. Boulton alleges she sent a text message to a Community number promoted by LL Cool J in a TikTok video he posted. (Compl. ¶¶ 45-46.) She alleges that she received two text messages in response, one with a link to Community's Terms of Service and Privacy Policy and another from the celebrity inviting her "to sign up for

Defendant's website." (*Id.* ¶ 49.) Boulton alleges that she did not complete the Community "sign up" process. (*Id.* ¶ 50.) She does not allege the content of her text to LL Cool J.

Boulton initially asserted the same ECPA and CIPA claims alleged in *Adler*. She has stipulated to dismiss her ECPA and CIPA section 631 claims without leave to amend. (ECF No. 28.)

Community is not relitigating here the Court's ruling on the motion to dismiss the remaining claims in *Adler*. Instead, as a threshold matter, Boulton lacks standing to pursue her claims pursuant to a Supreme Court decision, reversing the Ninth Circuit, issued after Community filed its motion to dismiss in *Adler*. In addition, Plaintiff's CIPA section 632 and 632.7 claims fail for reasons not ruled on by the Court in *Adler*, including based on CIPA rulings issued after this Court's *Adler* Order.

## LEGAL STANDARD

A court must dismiss a complaint for lack of subject matter jurisdiction under Rule 12(b)(1) where the named plaintiff fails to satisfy Article III standing requirements. *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010). Similarly, dismissal is required under Rule 12(b)(6) if plaintiff has not alleged sufficient facts establishing a claim to relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[L]abels and conclusions" or "a formulaic recitation of the elements" do not suffice. *Id.* (quoting *Twombly*, 550 U.S. at 555).

The Court must not assume the truth of legal conclusions merely because they are pleaded in the form of factual allegations; nor should it accept as true allegations contradicted by judicially noticeable facts. *Id.* at 677-79; *Twombly*, 550 U.S. at 555; *Knievel*, 393 F.3d at 1076 (incorporation by reference doctrine "permits [the Court] to take into account documents 'whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically

attached to the plaintiff's pleading'" (citation omitted)).

## ARGUMENT

### I. Plaintiff's Bare Alleged Procedural Violations of CIPA Are Insufficient to Confer Article III Standing.

"[L]ack of Article III standing requires dismissal for lack of subject matter jurisdiction under [Rule] 12(b)(1)." *Maya v. Centex Corp*., 658 F.3d 1060, 1067 (9th Cir. 2011). "[T]o establish standing, a plaintiff must show [] that he suffered an injury in fact that is concrete, particularized, and actual or imminent." *TransUnion*, 141 S. Ct. at 2203. No such concrete harm exists here. Boulton alleges nothing more than a bare statutory violation. (Compl. ¶¶ 113, 120, 127, 136.) She therefore does not have standing because, "under Article III, an injury in law is not an injury in fact." *TransUnion*, 141 S. Ct. at 2205.

Nor does the alleged wiretapping and recording of Boulton's text to LL Cool J bear a "close relationship" to traditional privacy harms at common law because there is no allegation that the text was sensitive. *See id.* at 2204 (The standing "inquiry asks whether plaintiffs have identified a close historical or common-law analogue for their asserted injury."); *In re Yahoo Mail Litig.*, 7 F. Supp. 3d 1016, 1041 (N.D. Cal. 2014) (explaining that, in the context of informational privacy, only the "dissemination or misuse of *sensitive* and *confidential* information" is protected (citation omitted)).

This Court recently dismissed CIPA claims due to plaintiff's failure to allege injury-in-fact. *Sterling Jewelers*, 2023 WL 2996686, at *1. In *Sterling Jewelers*, the Court held that "the position that any violation of CIPA necessarily constitutes an injury in fact without the need for an additional showing of harm" is "at odds with the Supreme Court's recent instruction" in *TransUnion*. *Id.* at *3. The Court found it lacked subject matter jurisdiction and dismissed the complaint with prejudice, because the complaint did not "identify any specific personal information" in the messages at issue that could possibly "implicate[] . . . any harm

to [plaintiffs'] privacy." *Id.*

The same result applies here. Plaintiff alleges she sent an initial text to LL Cool J in response to his advertisement of his Community number in a Tik Tok video posted for his 2 million TikTok followers. (Compl. ¶¶ 45-46; www.tiktok.com/@llcoolj (last visited July 8, 2023) (indicating LL Cool J has 2 million followers).) She does not allege the content of the text, much less allege that she sent a text to a celebrity she personally knows that contained sensitive information. She therefore lacks Article III standing to pursue her claims. *See, e.g.*, *Sterling Jewelers*, 2023 WL 2996686, at *4 (dismissing CIPA claims because bare allegation of a statutory violation was not enough to "demonstrate an injury sufficient to confer [] Article III standing"); *Lightoller v. Jetblue Airways Corp.*, No. 23-cv-00361-H-KSC, 2023 WL 3963823, at *4 (S.D. Cal. June 12, 2023) (same).

## II. Plaintiff Fails to State a Claim Under CIPA.

Boulton's attempt to analogize the Community platform to illegal wiretapping and recording fails on its face.

- To state a claim under CIPA section 632(a), Boulton must plead that Community used a "recording device to eavesdrop upon or record [] confidential communication[s]." Cal. Pen. Code § 632(a).
- Under CIPA section 632.7(a), Boulton must adequately allege that Community "without the consent of all of the parties to a communication, intercepts or receives and intentionally records . . . a communication transmitted between two cellular radio telephones, a cellular radio telephone and a landline telephone, two cordless telephones, a cordless telephone and a landline telephone, or a cordless telephone and a cellular radio telephone." Cal. Pen. Code § 632.7(a).

Boulton does not allege the fundamental elements necessary to state a claim under sections 632 or 632.7.

**A. Plaintiff Fails to State a Claim under CIPA Section 632.**

In *Adler,* the Court rejected as premature Community's argument that the initial texts plaintiffs sent to celebrities they did not know are not "confidential communications" under section 632, declining to rule on the issue at the pleadings stage. *Adler*, 2021 WL 4805432, at *5. The Court noted, though, that courts have held in a line of cases that by their nature, email and chat communications do not constitute "confidential communications" under the statute. *Id*. at *5 n.4. The Court declined to address the argument because it was not raised by the parties or adequately briefed. *Id.*

As the Court previewed two years ago, these cases establish that Boulton's text was not a "confidential communication" under section 632. In addition, the claim fails because Community is a software application, not a "device" within the meaning of section 632.

**1. Text messages are not confidential communications.**

By its nature, Boulton's text message is not confidential under section 632. For purposes of section 632, "a conversation is confidential if a party to that conversation has an objectively reasonable expectation that the conversation is not being overheard." *Cline v. Reetz-Laiolo*, 329 F. Supp. 3d 1000, 1051 (N.D. Cal. 2018) (quoting *Flanagan v. Flanagan*, 27 Cal. 4th 766, 768 (2002)). Said differently, section 632 applies only if the allegations "reasonably give rise to the expectation that *nobody* . . . would record the communications." *Rodriguez v. Google LLC* ("*Rodriguez I*"), No. 20-cv-04688-RS, 2021 WL 2026726, at *7 (N.D. Cal. May 21, 2021) (citing *Flanagan*, 27 Cal. 4th at 777). There is no such reasonable expectation for text messages, particularly between strangers.

As the Court noted in *Adler*, courts have held repeatedly that electronic communications, such as emails and chats, are not confidential because, "unlike phone conversations, email services are by their very nature recorded on the computer of at least the recipient, who may then easily transmit the communication

to anyone else who has access to the internet or print the communications." *Adler*, 2021 WL 4805435, at *5 n.4 (quoting *In re Google Inc.*, No. 13-MD-02430-LHK, 2013 WL 5423918, at *23 (N.D. Cal. Sept. 26, 2013)) (brackets omitted); *see also, e.g.*, *Campbell v. Facebook Inc.*, 77 F. Supp. 3d 836, 849 (N.D. Cal. 2014) ("Internet-based communications are not 'confidential' within the meaning of section 632, because such communications can easily be shared by, for instance, the recipient(s) of the communications."); *In re Yahoo Mail Litig.*, 7 F. Supp. 3d at 1041 (finding allegations that plaintiffs' emails were "private" to be "fatally conclusory"). This is particularly so where the electronic communications are between strangers, such as in an internet chat room. *People v. Nakai*, 183 Cal. App. 4th 499, 518-19 (2010) (finding conversations in internet chat rooms are not confidential where the "defendant was communicating online with a person whom he did not know").

For this reason, "courts have developed a ***presumption*** that Internet communications do not reasonably give rise to that expectation" of privacy under section 632. *Revitch v. New Moosejaw, LLC*, No. 18-cv-06827-VC, 2019 WL 5485330, at *3 (N.D. Cal. Oct. 23, 2019) (emphasis added) (citing and collecting cases); *see also Rodriguez I*, 2021 WL 2026726, at *7 ("[P]laintiffs must plead unique, definite circumstances rebutting California's presumption against online confidentiality.").

As the Court recognized, this rationale applies equally to text messages. *Adler*, 2021 WL 4805435, at *5 n.4 (noting the logic of *In re Google* and *Campbell* "would seemingly extend to text messages sent by phone as well"). A sender of a text message cannot reasonably assume no one would record it because that is how text messages work. *Rodriguez I*, 2021 WL 2026726, at *7. And like an email, a text message is recorded by the telecommunications carrier and others in the chain of communication and can be forwarded or distributed by the recipient. *Cf. Sunbelt Rentals, Inc. v. Victor*, 43 F. Supp. 3d 1026, 1035 n.3 (N.D. Cal. 2014) (explaining

in the context of the Fourth Amendment, "a plaintiff has no reasonable expectation of privacy in [text] messages sent to third parties"); *Fetsch v. City of Roseburg*, No. 6:11-cv-6343-TC, 2012 WL 6742665, at *10 (D. Or. Dec. 31, 2012) (same, explaining sender of text voluntarily runs the risk that once delivered, his message would be viewed by anyone with access to the recipient's phone). Accordingly, text messages are not "confidential communications" under section 632, so Boulton's claim should be dismissed.

**2. Community's software is not a "device."**

Boulton's section 632 claim also should be dismissed because she has not identified any "electronic amplifying or recording device" used to record the communications at issue. Cal. Penal Code § 632(a). A "device" is "a thing made or adapted for a particular purpose, especially a piece of mechanical or electronic equipment." *Moreno v. S.F. Bay Area Rapid Transit Dist.*, No.17-cv-02911-JSC, 2017 WL 6387764, at *5 (N.D. Cal. Dec. 14, 2017) (citation omitted); *see also* Merriam-Webster, "device," https://www.merriam-webster.com/dictionary/device (last visited July 5, 2023) (defining "device" as "a piece of equipment or a mechanism designed to serve a special purpose or perform a special function," providing examples of "smartphones and other electronic *devices*" and "a hidden recording *device*").

For example, a video recorder can be a device—it is a piece of tangible equipment. *People v. Lyon*, 61 Cal. App. 5th 237, 245 (2021). But "[s]oftware like Google Maps, Chrome, etc. are not 'devices' within the meaning of CIPA because they are not 'equipment.'" *In re Google Location Hist. Litig.*, 428 F. Supp. 3d 185, 193 (N.D. Cal. 2019) (citation omitted) (interpreting and applying ordinary meaning of "device" in analogous CIPA section 637.7 claim).

Here, Boulton acknowledges that Community's platform is a software application, not a tangible piece of equipment. (Compl. ¶¶ 25, 90.) Her repeated conclusory use of the term "device" in the Complaint, unsupported by any specific

factual allegations, cannot change this result. (*Id.* ¶¶ 73, 89, 135); *cf. Rodriguez v. Google LLC* ("*Rodriguez II*"), No. 20-cv-04688-RS, 2022 WL 214552, at *1-2 (N.D. Cal. Jan. 25, 2022) (dismissing CIPA section 631 claim, noting plaintiffs' "[u]sing the word 'intercept' repeatedly is simply not enough without the addition of specific facts that make it plausible Google is intercepting their data in transit").

**B. Plaintiff Fails to State a Claim under CIPA Section 632.7.**

Boulton does not plead an essential element of her section 632.7 claim and it is overbroad in any event. Section 632.7 imposes liability on any person who "without the consent of all of the parties to a communication, intercepts or receives and intentionally records . . . a communication transmitted between [1] two cellular radio telephones[.]" Cal. Penal Code § 632.7. Here, Boulton has not alleged that that telephones were used on *both* sides of the communication and she cannot base her claim on interception.

**1. Boulton has not alleged the requisite use of two telephones.**

Section 632.7's plain language "unambiguously limits its reach to communications *between* various types of telephones." *Valenzuela v. Keurig Green Mountain, Inc.*, No. 22-cv-09042-JSC, 2023 WL 3707181, at *6 (N.D. Cal. May 24, 2023); *accord Byars v. Hot Topic Inc.*, No. EDCV 22-1652 JGB (KKx), 2023 WL 2026994, at *10 (C.D. Cal. Feb. 14, 2023) ("The unambiguous meaning of the statute is thus that it only applies to communications involving two telephones."); *Licea v. Cinmar, LLC*, -- F. Supp. 3d at --, 2023 WL 2415592, at *12 (C.D. Cal. Mar. 7, 2023) (same).

Boulton admits that Community's platform is a software application, not a telephone. (Compl. ¶¶ 73, 89-90, 118.) That Community Leaders allegedly advertised that their Community number was a cell phone number or that Boulton thought she was sending the text to a cell phone is not relevant. (*Id.* ¶¶ 45-46.) In fact, Boulton alleges repeatedly that the Community number was not "LL Cool J's phone number[]," and that Community "refused to deliver the messages to [him]."

(*Id*. ¶¶ 52-53; *see also id*. ¶ 67 (alleging that "messages sent to Defendant's celebrity clients are instead rerouted to and captured by Defendant and never actually reach the celebrity").) Section 632.7 applies only to communications sent and received by actual telephones.

Boulton's allegations that the text at issue was received by Community's platform and that Community's platform is not a cellular telephone defeat her claim.

**2. Boulton has not alleged interception.**

Even if that were not the case, the Court's dismissal of the section 631 and ECPA claims in *Adler* for failure to allege Community "intercepts" messages defeats any section 632.7 claim based on interception of communications. The Ninth Circuit's narrow construction of the term "intercept" under section 631 applies equally to the meaning of the same term in section 632.7. *See Konop v. Hawaiian Airlines, Inc.*, 302 F.3d 868, 878 (2002) (explaining "intercept" means the communication "must be acquired during transmission, not while it is in electronic storage"). Accordingly, Boulton cannot base her section 632.7 claim on alleged interception of her text to LL Cool J's Community number.

**CONCLUSION**

For the foregoing reasons, the Court should dismiss the Complaint with prejudice.

Dated: July 14, 2023

MORRISON & FOERSTER LLP

By: */s/ Nancy R. Thomas*
Nancy R. Thomas

***Attorneys for Defendant Community.com, Inc.***