TIFFANY CHEUNG (CA SBN 211497)
TCheung@mofo.com
MICHAEL BURSHTEYN (CA SBN 295320)
MBurshteyn@mofo.com
EMANI N. OAKLEY (CA SBN 347705)
EOakley@mofo.com
MORRISON & FOERSTER LLP
425 Market Street,
San Francisco, California 94105-2482
Telephone:  415.268.7000
Facsimile:   415.268.7522

NANCY R. THOMAS (CA SBN 236185)
NThomas@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard, Suite 6000
Los Angeles, California 90017-3543
Telephone: 213.892.5200
Facsimile: 213.892.5454

ELISABETH HUTCHINSON (*Pro Hac Vice*)
EHutchinson@mofo.com
MORRISON & FOERSTER LLP
7370 Seventeenth Street
4200 Republic Plaza
Denver, Colorado 80202-5638
Telephone: 303.592.1500
Facsimile: 303.592.1510

Attorneys for Defendant
COMMUNITY.COM, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MCGINNIS AND CYNDY BOULTON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COMMUNITY.COM, INC.,<br><br>Defendant. | Case No. 2:23-cv-02426-SB-JPR<br><br>**DEFENDANT COMMUNITY.COM, INC.'S REPLY IN FURTHER SUPPORT OF ITS MOTION TO DISMISS**<br><br>Date:     August 18, 2023<br>Time:    8:30 a.m.<br>Court:   Courtroom 6C<br>Judge:   Hon. Stanley Blumenfeld, Jr.<br><br>Action Filed:   March 31, 2023<br>Trial Date:      August 5, 2024 |

# TABLE OF CONTENTS

                                                                                                               **Page**

INTRODUCTION ........................................................................................................ 1

ARGUMENT ............................................................................................................... 2

I. Plaintiff's Bare Alleged Procedural Violations of CIPA Are Insufficient to Confer Article III Standing. .................................................... 2

II. Plaintiff Fails to State a Claim under CIPA. .................................................... 5

    A. Plaintiff Fails to State a Claim Under CIPA Section 632 ...................... 5

        1. Text messages are not confidential communications. ................ 5

        2. Community's software is not a "device." ................................. 8

    B. Plaintiff Fails to State a Claim Under CIPA Section 632.7 ................ 10

        1. Plaintiff has not alleged the requisite use of two telephones. ........................................................................... 10

        2. Plaintiff has not alleged interception. ...................................... 11

CONCLUSION ......................................................................................................... 13

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Adler v. Community.com, Inc.*,
   No. 2:23-cv-02416-SB-JPR, 2021 WL 4805435
   (C.D. Cal. Aug. 2, 2021) ................................................................. 5, 6, 11, 12

*Armstrong v. Allied Ins. Co.*,
   No. 14-cv-0424-JGB (SPx), 2014 WL 12591844
   (C.D. Cal. Aug. 19, 2014) ........................................................................... 2

*Byars v. Hot Topic, Inc.*,
   No. EDCV 22-1652 JGB (KKx), 2023 WL 2026994
   (C.D. Cal. Feb. 14, 2023) ......................................................................... 10

*Byars v. Sterling Jewelers, Inc.*,
   No. 5:22-cv-01456-SB-SP, 2023 WL 2996686
   (C.D. Cal. Apr. 5, 2023) ..................................................................... 1, 2, 3

*Callahan v. Ancestry.com Inc.*,
   No. 20-cv-08437-LB, 2021 WL 2433893 (N.D. Cal. June 15, 2021) ................. 4

*Campbell v. Facebook*,
   77 F. Supp. 3d 836 (N.D. Cal. 2014) ........................................................... 6

*In re Facebook Inc. Internet Tracking Litig*,
   956 F.3d 589 (9th Cir. 2020) ...................................................................... 8

*Garcia v. Build.com, Inc.*,
   No. 22-cv-01985-DMS-KSC, 2023 WL 4535531
   (S.D. Cal. July 13, 2023) ...................................................................... 4, 10

*In re Google Inc.*,
   No. 13-MD-02430-LHK, 2013 WL 5423918
   (N.D. Cal. Sept. 26, 2013) ....................................................................... 5, 6

*Humane Soc'y of U.S. v. Babbitt*,
   46 F.3d 93 (D.C. Cir. 1995) ........................................................................ 4

*Licea v. Am. Eagle Outfitters, Inc.*,
   -- F. Supp. 3d --, No. EDCV 22-1702-MWF (JPR), 2023 WL
   2469630 (C.D. Cal. Mar. 7, 2023) ................................................................ 8

*Licea v. Cinmar, LLC*,
    No. CV 22-6454-MWF (JEM), 2023 WL 2415592
    (C.D. Cal. Mar. 7, 2023) .................................................................................. 10, 11

*Life Techs. Corp. v. Promega Corp.*,
    580 U.S. 140 (2017) ................................................................................................. 9

*Lightoller v. Jetblue Airways Corp.*,
    No. 23-cv-00361-H-KSC, 2023 WL 3963823
    (S.D. Cal. June 12, 2023) ........................................................................................ 2

*Maddox v. Bank of N.Y. Mellon Tr. Co., N.A.*,
    19 F.4th 58 (2d Cir. 2021) ....................................................................................... 4

*Maracich v. Spears*,
    570 U.S. 48 (2013) ................................................................................................... 9

*Martin v. Sephora USA, Inc.*,
    No. 1:22-cv-01355-JLT-SAB, 2023 WL 2717636
    (E.D. Cal. Mar. 30, 2023) ...................................................................................... 10

*McCabe v. Six Continents Hotels, Inc.*,
    No. 12-cv-04818 NC, 2014 WL 465750 (N.D. Cal. Feb. 3, 2014) ...................... 10

*Mikulsky v. Noom, Inc.*,
    No. 3:23-cv-00285-H-MSB, 2023 WL 4567096
    (S.D. Cal. July 17, 2023) ......................................................................................... 2

*Norman-Bloodsaw v. Lawrence Berkeley Lab.*,
    135 F.3d 1260 (9th Cir. 1998) ................................................................................. 4

*NovelPoster v. Javitch Canfield Grp.*,
    140 F. Supp. 3d 938 (N.D. Cal. 2014) .................................................................... 9

*Osgood v. Main Streat Mktg., LLC*,
    No. 16cv2415-GPC(BGS), 2017 WL 131829
    (S.D. Cal. Jan. 13, 2017) ......................................................................................... 3

*Revitch v. New Moosejaw, LLC*,
    No. 18-cv-06827-VC, 2019 WL 5485330 (N.D. Cal. Oct. 23, 2019) .............. 5, 7

*Rodriguez v. Google LLC*,
    No. 20-cv-04688-RS, 2022 WL 214552 (N.D. Cal. Jan. 25, 2022) ...................... 7

*Roe v. Rivian Auto. LLC*,
  No. SACV 20-998-MWF, 2020 WL 8812912
  (C.D. Cal. Aug. 24, 2020) .................................................................................... 4

*Spokeo, Inc. v. Robins*,
  578 U.S. 330 (2016) ............................................................................................. 4

*Thomasson v. GC Servs. Ltd. P'ship*,
  321 F. App'x 557 (9th Cir. 2008) ......................................................................... 6

*TransUnion LLC v. Ramirez*,
  141 S. Ct. 2190 (2021) ..................................................................................... 2, 4

*Valenzuela v. Keurig Green Mountain, Inc.*,
  No. 22-cv-09042-JSC, 2023 WL 3707181
  (N.D. Cal. May 24, 2023) ................................................................................... 10

*Wakefield v. ViSalus, Inc.*,
  51 F.4th 1109 (9th Cir. 2022) ............................................................................... 3

*In re Yahoo Mail Litig.*,
  7 F. Supp. 3d 1016 (N.D. Cal. 2014) .................................................................... 3

**Statutes**

Cal. Penal Code § 631 .................................................................................................. 8

Cal. Penal Code (CIPA) § 632 ........................................................................... 8, 9, 10

18 U.S.C. (ECPA) § 2510 ............................................................................................ 9

18 U.S.C. (ECPA) § 2511 ............................................................................................ 8

# INTRODUCTION

Boulton's opposition confirms that her attempt to stretch a mid-century wiretapping statute to cover a platform that allows celebrities and businesses to communicate with fans and customers fails on its face.

As a threshold matter, Boulton lacks Article III standing because she has not alleged that her initial text to LL Cool J in response to a video he posted for his 2 million TikTok followers contained any private information. Boulton's opposition was her chance to try to distinguish this case from the Court's ruling in *Byars v. Sterling Jewelers, Inc.*, No. 5:22-cv-01456-SB-SP, 2023 WL 2996686, at *3-4 (C.D. Cal. Apr. 5, 2023), dismissing a complaint alleging only a bare CIPA violation without any allegation that the communication contained sensitive or personal information. She has not done so. Instead, her only response is that the *Sterling Jewelers* plaintiff was a "tester," which the Court specifically explained did not play a role in its ruling. *Id.* at *3 n.4. The rest of the cases she cites either pre-date or ignore *TransUnion* in finding standing based only on a bare CIPA violation. The Court has already rejected this approach and should do so again here.

Even if Boulton could get over this hurdle (which she cannot), she has not overcome the defects in her remaining claims.

**CIPA section 632.** Plaintiff recognizes that she cannot overcome the presumption that written electronic communications are not "confidential communications" under CIPA section 632 because a reasonable person understands they are recorded and can be disseminated. Her attempt to claim Community "eavesdropped" on her text fails for the same reasons the Court already found the *Adler* plaintiffs could not allege Community "intercepted" their texts: there is no way to access a text contemporaneously.

Nor can she evade her allegation that Community's platform is a software application, which means it is not a "device." Boulton's attempt to rely on definitions in ECPA ignores the differences in the relevant language in CIPA and

ECPA.  The section 632 claim must be dismissed.

**CIPA section 632.7.**  Boulton's only response to her inability to plead the two phones required by this section is to tell the Court it should ignore the statute's plain language and find one cell phone is sufficient.  Plaintiff's attempt to challenge the Court's finding under section 631 that Community does not "intercept" messages in transit fails.  She cannot pursue a claim under the "intercept" portion of this section in any event.

The Court should grant Community's motion and dismiss this case with prejudice.

## ARGUMENT

### I. Plaintiff's Bare Alleged Procedural Violations of CIPA Are Insufficient to Confer Article III Standing.

Boulton does not point to any sensitive or confidential information in her initial text to a celebrity who she has never met.  Nor does she contest that as the Supreme Court explained in *TransUnion*, to establish standing, the alleged injury must bear a "close relationship" to harms traditionally recognized as providing a basis for a lawsuit, such as "reputational harms, disclosure of private information, and intrusion on seclusion."  *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2205 (2021).

Thus, this Court and others dismiss cases where, as here, plaintiff has not alleged disclosure of any private or confidential information.  *See, e.g.*, *Sterling Jewelers*, 2023 WL 2996686, at *3-4; *Mikulsky v. Noom, Inc.*, No. 3:23-cv-00285-H-MSB, 2023 WL 4567096, at *5 (S.D. Cal. July 17, 2023) (dismissing CIPA claim for lack of standing where "Plaintiff's conclusory allegation that she disclosed 'personal information' does not allow the Court to determine whether Plaintiff has a protectable privacy interest in that information"); *Lightoller v. Jetblue Airways Corp.*, No. 23-cv-00361-H-KSC, 2023 WL 3963823, at *5 (S.D. Cal. June 12, 2023) (same); *Armstrong v. Allied Ins. Co.*, No. 14-cv-0424-JGB

(SPx), 2014 WL 12591844, at *6-7 (C.D. Cal. Aug. 19, 2014) (same); *In re Yahoo Mail Litig.*, 7 F. Supp. 3d 1016, 1041 (N.D. Cal. 2014) (explaining that, in the context of informational privacy, only the "dissemination or misuse of *sensitive* and *confidential* information" is protected).

Boulton does not allege anything "private" about her text to LL Cool J—or anything at all about the substance of that text. Instead, she attempts to distinguish *Sterling Jewelers*, arguing the plaintiff in that case was a "self-described 'tester'" and thus had no expectation of privacy in the messages that she sent. (Opp. at 6-7.) But the Court specified that its "analysis does *not* depend on Plaintiff's status as a tester." *Sterling Jewelers*, 2023 WL 2996686, at *3 n.4 (emphasis added).

She then attempts to conflate the need to allege sensitive or confidential content to establish standing with her allegation that her text was "confidential" under CIPA because she did not expect her text message would be recorded. (Opp. at 6-7.) This does not satisfy the standard for pleading "sensitive [and] personal information" for an injury in fact. *Sterling Jewelers*, 2023 WL 2996686, at *3.

Plaintiff's final argument—that this Court got it wrong and alleging a bare CIPA violation suffices—relies on an inapposite Ninth Circuit case and district court cases that ignore the requirements of *TransUnion*:

- ***Wakefield v. ViSalus, Inc***. Confirms Boulton must allege *both* a statutory violation and an injury that has a close historical or common law analog; found incoming robocall meets this requirement; and says nothing about CIPA or an outgoing text to a stranger. 51 F.4th 1109, 1118 (9th Cir. 2022).
- ***Osgood v. Main Streat Marketing, LLC***. Declined to follow by this Court because it "and the district court decisions it cites predate the Supreme Court's instruction in *TransUnion* that '[o]nly those plaintiffs who have been *concretely harmed* by a defendant's statutory violation may sue that private defendant over that violation in federal court." *Sterling Jewelers*, 2023 WL 2996686, at *4 (citation omitted) (declining to follow *Osgood v. Main Streat*

*Mktg., LLC*, No. 16cv2415-GPC(BGS), 2017 WL 131829 (S.D. Cal. Jan. 13, 2017)).

- ***Garcia v. Build.com, Inc.*** Found bare CIPA violation sufficient without the need for an additional showing of concrete harm despite the instruction of the Supreme Court in *TransUnion* and *Spokeo* otherwise. No. 22-cv-01985-DMS-KSC, 2023 WL 4535531, at *3 (S.D. Cal. July 13, 2023).[1]

Recognizing the weakness in her argument, Boulton proposes to amend her Complaint to allege that she was "distressed and disappointed" when she learned of Community's role. (Opp. at 9-10.) She has not cited any authority indicating her purported distress and disappointment constitute a concrete injury other than *TransUnion*, and in that case the Supreme Court took "no position on whether or how such an emotional or psychological harm could suffice for Article III purposes[.]" 141 S. Ct. at 2211 n.7. It is not Community's or the Court's obligation to make Plaintiff's argument for her. *See, e.g.*, *Roe v. Rivian Auto. LLC*, No. SACV 20-998-MWF (ADSx), 2020 WL 8812912, at *2 (C.D. Cal. Aug. 24, 2020) ("This Court is not obliged to act as the lawyer for Plaintiffs and concoct some fanciful basis for harm."). Even if it were, her purported "disappointment" does not suffice. *See, e.g.*, *Maddox v. Bank of N.Y. Mellon Tr. Co., N.A.*, 19 F.4th 58, 66 (2d Cir. 2021) ("A perfunctory allegation of emotional distress, especially one wholly incommensurate with the stimulant, is insufficient to plausibly allege constitutional standing."); *Humane Soc'y of U.S. v. Babbitt*, 46 F.3d 93, 98 (D.C. Cir. 1995) ("[G]eneral emotional 'harm,' no matter how deeply felt, cannot suffice for injury-in-fact for standing purposes."); *Callahan v. Ancestry.com Inc.*, No. 20-

---

[1] Both *Spokeo* and *TransUnion* require plaintiffs to allege concrete harm. *TransUnion*, 141 S. Ct. at 2204-05; *Spokeo, Inc. v. Robins*, 578 U.S. 330, 340-41 (2016). It has long been the law that a traditional privacy injury turns on the content of the information at issue. *E.g.*, *Norman-Bloodsaw v. Lawrence Berkeley Lab.*, 135 F.3d 1260, 1271 n.17 (9th Cir. 1998) ("Under California law, a legally recognizable privacy interest arises from the sort of information revealed by the tests at issue."). Boulton does not meet that standard.

1  cv-08437-LB, 2021 WL 2433893, at *4 (N.D. Cal. June 15, 2021) (explaining that
2  "cases recognizing mental anguish all involve other injury," but "mental anguish
3  . . . alone[] is not injury in fact").

## II. Plaintiff Fails to State a Claim under CIPA.

### A. Plaintiff Fails to State Claim under CIPA Section 632.

#### 1. Text messages are not confidential communications.

Boulton ignores the Court's recognition that a line of cases has found that electronic written communications like texts are not "confidential communications" under section 632 because a reasonable person expects that they are recorded and can be disseminated by the recipient. *See Adler v. Community.com, Inc.*, No. 2:23-cv-02416-SB-JPR, 2021 WL 4805435, at *5 n.4 (C.D. Cal. Aug. 2, 2021). Indeed, these cases find that there is a general rule or "presumption that Internet communications do not reasonably give rise to [an objectively reasonable] expectation" that the conversation is not being recorded. *Revitch v. New Moosejaw, LLC*, No. 18-cv-06827-VC, 2019 WL 5485330, at *3 (N.D. Cal. Oct. 23, 2019). This is because "[u]nlike phone conversations, email services are by their very nature recorded on the computer of at least the recipient, who may then easily transmit the communication to anyone else who has access to the internet or print the communications." *In re Google Inc.*, No. 13-MD-02430-LHK, 2013 WL 5423918, at *23 (N.D. Cal. Sept. 26, 2013).

Instead, Boulton attempts to draw an elaborate distinction between claims based on eavesdropping and claims based on recording. She explains that possible second-hand repetition of contents does not defeat an expectation of confidentiality for eavesdropping, but does defeat the expectation of confidentiality for recording. (Opp. at 17-18.) She then asserts that her claim is based on unlawful eavesdropping, not recording. Even assuming her legal analysis of a distinction in the standard were correct, her attempt to shoehorn her claim into alleged unlawful eavesdropping fails on its face.

As used in section 632, eavesdropping means "a third party secretly listening to a conversation between two other parties." *Thomasson v. GC Servs. Ltd. P'ship*, 321 F. App'x 557, 559 (9th Cir. 2008). To eavesdrop, then, requires contemporaneous access to the conversation. So it is no surprise that all of the cases Plaintiff cites with respect to unlawful eavesdropping are cases about *telephone* or *in-person* conversations. (Opp. at 14-16 (citing *Safari Club Int'l v. Rudolph*, 845 F.3d 1250, 1261 (9th Cir. 2017); *Flanagan v. Flanagan*, 27 Cal.4th 766, 768 (2002); *Kight v. CashCall, Inc.*, 200 Cal. App. 4th 1377, 1397 (2012); *Frio v. Superior Court*, 230 Cal. App. 3d 1480, 1490 (1988)).)

Here, as the Court already found in *Adler*, Boulton did not and cannot allege that Community contemporaneously read Boulton's text when she sent it. *Adler*, 2021 WL 4805435, at *3-4. As the Court explained, Boulton alleges that Community gained access to the message only "*upon the completion of its transmission* to the proper [Community] number." *Id.* (emphasis added).

Claims based on "eavesdropping" simply do not apply to electronic written communications like a text or an email. There is no way to access a text contemporaneously; instead, a text can be accessed only after it lands. Boulton therefore cannot base her section 632 claim on alleged unlawful eavesdropping, and she concedes that a person cannot have an objectively reasonable view that written electronic communications are "confidential" under section 632. (Opp. at 16); *accord In re Google Inc.*, 2013 WL 5423918, at *22 (finding "email by its very nature is more similar to internet chats" and dismissing section 632 claim because there is no "objectively reasonable expectation" that "email communications were 'confidential'"); *Campbell v. Facebook*, 77 F. Supp. 3d 836, 849 (N.D. Cal. 2014) (applying "persuasive" reasoning of *In re Google Inc.* to dismiss section 632 claim concerning Facebook messages).[2]

---

[2] That Plaintiff's Complaint contains the word "intercept" and variations thereof 36 times does not transform her theory of liability to one of contemporaneous access.

1    Despite her assertion otherwise (Opp. at 18-19), Boulton's initial text to LL
2 Cool J does not rebut the presumption that electronic communications are not
3 confidential because she does not allege that the contents of the communication are
4 private or confidential.  *See, e.g.*, *Revitch*, 2019 WL 5485330, at *3 (finding
5 nothing about a written electronic communication "inquiring about items of
6 clothing on a retail website [] warrants a deviation from this general rule").

7    Nor can Plaintiff change this result by pointing to her repeated assertions that
8 Community purportedly makes people believe that they are communicating directly
9 with a celebrity and therefore there is an expectation of private communications
10 that rebuts the presumption here.  (Opp. at 18-19.)  As an initial matter, Community
11 does not lure in consumers or operate a bait and switch.  To assert otherwise,
12 Boulton relies on alleged statements by Community Leaders, not Community.  And
13 Community's handling of incoming texts is done in connection with providing
14 services to celebrities and businesses that are Community's customers.  Boulton
15 does not and cannot allege that Community uses the content of texts for its own
16 purposes or profits from the data independent of the service it provides Community
17 Leaders.  Even putting that aside, that Boulton allegedly thought she was sending a
18 text directly to LL Cool J's cell phone cannot rebut the presumption that a
19 reasonable person understands texts are recorded and can be disseminated.  Rather,
20 she would have to identify some confidential information in the text itself, which
21 she has not done.  Boulton's section 632 claim must be dismissed for this reason
22 alone.

---

25 *See Rodriguez v. Google LLC*, No. 20-cv-04688-RS, 2022 WL 214552, at *2 (N.D.
26 Cal. Jan. 25, 2022) ("Plaintiffs' theory was essentially one of logging and then
transmitting.  Using the word 'intercept' repeatedly is simply not enough without
27 the addition of specific facts that make it plausible Google is intercepting their data
28 in transit.").  Plaintiff cannot force a square peg into a round hole to try to save her
defective theory of the case.

### 2. Community's software is not a "device."

Boulton ignores the relevant statutory language to reach her faulty conclusion that "software" can be a "device" for purposes of section 632. This section requires that the defendant by means of "an ***electronic amplifying or recording device***, eavesdrop upon or records the confidential communication, whether the communication is carried on among the parties in the presence of one another or by means of ***a telegraph, telephone, or other device, except a radio***." Cal. Penal Code § 632 (emphasis added). "Device" in section 632 does not reach intangible software, which Boulton admits is at issue here. (Compl. ¶¶ 73, 89-90, 118.)

Boulton argues otherwise by attempting to analogize to ECPA section 2510(5) and rulings finding this definition covers software. (Opp. at 12-13.) Although courts look to ECPA section 2511(1)(a) when analyzing CIPA section 631, it is only because both statutory provisions require interception while in transit. *Compare* 18 U.S.C. § 2511(1)(a) (imposing liability on any person who "intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication") *with* Cal. Penal Code § 631(a) (imposing liability on any person who "reads, or attempts to read, or to learn the contents or meaning of any . . . communication while the same is in transit").

Indeed, the cases Boulton relies on consider only the contemporaneous interception requirement and party exemption that exist under both CIPA section 631 and ECPA section 2511(1)(a). (Opp. at 12-13 (citing *In re Facebook Inc. Internet Tracking Litig*, 956 F.3d 589, 606-07 (9th Cir. 2020) (analyzing ECPA section 2511 and CIPA section 631, noting "[c]ourts perform the same analysis for both the Wiretap Act and CIPA *regarding the party exemption*" (emphasis added)); *Licea v. Am. Eagle Outfitters, Inc.*, -- F. Supp. 3d --, No. EDCV 22-1702-MWF (JPR), 2023 WL 2469630, at *8 (C.D. Cal. Mar. 7, 2023) (analyzing ECPA section 2511(1)(a) and CIPA section 631(a)'s parallel requirements of interception in

transit); *NovelPoster v. Javitch Canfield Grp.*, 140 F. Supp. 3d 938, 954 (N.D. Cal. 2014) (same)).)

The ECPA definition of "device" in section 2510(5) that Boulton relies on has no application to section 632. Boulton selectively quotes from section 2510(5) (Opp. at 13); the complete text defines "electronic, mechanical, or other device" as "***any*** device or apparatus ***which can be used to intercept*** a wire, oral, or electronic communication." 18 U.S.C. § 2510(5) (emphasis added). Section 632 does not concern interception, so this ECPA definition does not apply.

Even if that were not the case, the language of the ECPA definition is much broader than the language in section 632:

| **CIPA section 632** | **ECPA section 2510(5)** |
|---|---|
| by means of "an ***electronic amplifying or recording device***, eavesdrops upon or records the confidential communication, whether the communication is carried on among the parties in the presence of one another or by means of ***a telegraph, telephone, or other device, except a radio***" | "'electronic, mechanical, or other device' means ***any*** device or apparatus ***which can be used to intercept*** a wire, oral, or electronic communication" |

"Electronic amplifying or recording device" in CIPA section 632 is narrower than "electronic, mechanical, or other device" in ECPA, particularly where the latter is defined to include "***any*** device or apparatus" that intercepts communications. 18 U.S.C. § 2510(5) (emphasis added).

In addition, CIPA section 632 includes an additional requirement that appears nowhere in ECPA, specifying that the communication be carried on in person or by means of a "telegraph, telephone, or other device, except a radio." "[O]ther device" in this list must be interpreted to be like the terms that surround it to avoid giving the statute "unintended breadth." *Maracich v. Spears*, 570 U.S. 48, 62-63 (2013); *accord Life Techs. Corp. v. Promega Corp.*, 580 U.S. 140, 146 (2017) ("[A] word is given more precise content by the neighboring words with

which it is associated.").

Here, telegraphs, telephones, and radios are all *tangible* pieces of equipment. Cal. Penal Code § 632. Community's software is not.

### B. Plaintiff Fails to State a Claim under CIPA Section 632.7.

#### 1. Plaintiff has not alleged the requisite use of two telephones.

Boulton's response to the requirement in section 632.7 that she plead two cell phones is to argue that the Court should ignore the plain language of the statute and follow a couple of outlier decisions that found an allegation of one cell phone was enough. (Opp. at 19-20 (citing *McCabe v. Six Continents Hotels, Inc.*, No. 12-cv-04818 NC, 2014 WL 465750, at *4 (N.D. Cal. Feb. 3, 2014); *Roberts v. Wyndham Int'l, Inc.*, No. 12-cv-5180 PSG, 2012 WL 6001459, at *4 (N.D. Cal. Nov. 30, 2012)).) One of the cases Boulton relies on finds there is no need for a plaintiff to allege the type of device used by the defendant. *McCabe*, 2014 WL 465750, at *4. Even if this could pass muster under *Iqbal* and *Twombly*, Boulton has alleged affirmatively that Community is a software application, not a cellular radio telephone. (Compl. ¶¶ 73, 89-90, 118.)

Boulton's argument has been roundly rejected by numerous courts as contrary to the plain language of the statute. *See Valenzuela v. Keurig Green Mountain, Inc.*, No. 22-cv-09042-JSC, 2023 WL 3707181, at *6 (N.D. Cal. May 24, 2023) ("632.7 unambiguously limits its reach to communications *between* various types of telephones."); *Martin v. Sephora USA, Inc.*, No. 1:22-cv-01355-JLT-SAB, 2023 WL 2717636, at *17 (E.D. Cal. Mar. 30, 2023) (same); *Licea v. Cinmar, LLC*, No. CV 22-6454-MWF (JEM), 2023 WL 2415592, at *12 (C.D. Cal. Mar. 7, 2023) (same); *Byars v. Hot Topic, Inc.*, No. EDCV 22-1652 JGB (KKx), 2023 WL 2026994, at *12 (C.D. Cal. Feb. 14, 2023) (same). Indeed, Boulton herself cites a case dismissing with prejudice a section 632.7 claim for just this reason. (Opp. at 5-6 (citing *Build.com*, 2023 WL 4535531, at *6 (dismissing with prejudice section 632.7 claim where plaintiff failed to allege defendant's use of

10

telephone to receive communications)).)  The same result follows here.

Boulton's alternative argument that she alleges two cell phones because she *thought* she was sending her message to LL Cool J's cell phone or because her text was *supposed to go to* LL Cool J's cell phone is meritless.  The statute does not cover confidential communications a sender *thought* were going to a cell phone; it covers communications that *actually* involve two telephones.  And even if Boulton had alleged that Community's platform is an application on a phone as she now suggests (Opp. at 22), a software application that runs through the internet to function like a phone is still outside the scope of section 632.7.  *See, e.g.*, *Cinmar*, 2023 WL 2415592, at *12 (Allegations that a plaintiff "us[es] the function of their smart phone that operates like a computer" inherently "fall[] outside of the scope of section 632.7.").

### 2. Plaintiff has not alleged interception.

In its motion, Community explained that even if Boulton could get over the failure to plead two cellular telephones, her section 632.7 claim could not be based on interception and instead could be based only on recording.  (Mot. at 12.)  The basis for the argument is that the Court already found that the *Adler* plaintiffs could not plead that messages were intercepted, so Boulton could not base her section 632.7 claim on interception for the same reason.  *See Adler*, 2021 WL 4805435, at *3-4.

Incredibly, despite the statement in the stipulation that Boulton realleged the claims dismissed with prejudice in *Adler* "for purposes of preservation," and the stipulation to dismiss claims based on "interception" without leave to amend (ECF No. 28), Boulton proceeds to reargue this point in her opposition.  Boulton's justification is that Community has supposedly "doubled down on its harmful practices."  (Opp. at 23.)  In fact, Boulton makes the same allegations that the *Adler* plaintiffs made and the Court accepted as true in reaching its conclusion that there was no allegation of "interception" under CIPA or ECPA:

| *Adler* Opposition to Community's Motion to Dismiss | *McGinnis* Opposition to Community's Motion to Dismiss |
|---|---|
| "Plaintiffs plead that 'Defendant intercepts and records, without consent, the initial messages intended for its celebrity clients and essentially holds them hostage from the celebrity clients until the sender signs up for Defendant's social networking service.' FAC ¶ 121." (*Adler* ECF No. 25 at 6.) | "First, as pled . . . Defendant 'intercepts and records, without consent, the initial messages intended for its celebrity clients and essentially holds them hostage from the celebrity clients until the sender signs up for Defendant's social networking service.' Compl. ¶ 35." (Opp. at 23.) |
| "Plaintiffs also plead that the messages intended for Defendant's celebrity and influencer clients 'were instead rerouted to and captured by Defendant's servers in California, and never actually reached the celebrity (essentially being held hostage until Plaintiffs and putative Class Members signed up for Defendant's services).' *Id.* at ¶ 149." (*Id.* at 7.) | "Defendant's policies now outright state that Defendant intercepts initial text messages intended for its Community Leaders, holding them unless and until a texting consumer signs up for its services and Defendant has deemed the message content acceptable." (*Id.*) |
| "Finally, Plaintiffs allege that 'the text message sent, including its contents, would not actually reach the intended recipient until after Plaintiffs and putative CIPA Class Members signed up for Defendant's services, and would instead be diverted to and recorded on Defendant's servers in California and read.' *Id.* at ¶ 204." (*Id.*) | "Specifically, Defendant's privacy policy now states that it 'may access, review, block (including limiting Community Leaders' ability to access messages), or delete your messages at any time and for any reason.' Compl. ¶ 33." (*Id.*) |

Boulton thus makes precisely the same argument that the *Adler* plaintiffs made and the Court rejected in *Adler*, which is binding on the parties in this action per the Court's Order based on the parties' stipulation. (ECF No. 36.) As Boulton alleges and the Court explained, Community does not "block" the message from going to the Community Leader's *community number*—it allegedly blocks it from being received by the Community Leader until the privacy policy and terms are accepted. (Compl. ¶ 35); *Adler*, 2021 WL 4805435, at *3-4. That is not interception under CIPA section 631. And Boulton does not dispute that

"interception" means the same thing under sections 631 and 632.7.

Even if Boulton had not agreed to be bound by the Court's ruling in *Adler*, she has not identified any way in which the Court got it wrong. Instead, she simply repeats the same argument the Court rejected in *Adler* and should reject again here. Plaintiff cannot base her section 632.7 claim on any alleged "interception."

## CONCLUSION

For the foregoing reasons and those set forth in Community's motion to dismiss, the case should be dismissed with prejudice. Boulton does not have standing to sue, and she does not state a claim on which relief may be granted. No opportunity to amend can cure these defects.

Dated:   August 2, 2023              MORRISON & FOERSTER LLP

By: */s/ Nancy R. Thomas*
Nancy R. Thomas

*Attorneys for Defendant*
COMMUNITY.COM, INC.