UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MCGINNIS et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>COMMUNICTY.COM, INC.,<br><br>　　　　Defendant. | Case No. 2:23-cv-02426-SB-JPR<br><br><br>ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION |

　　　Plaintiffs Michael McGinnis and Cyndy Boulton filed a complaint alleging four causes of action:  (1) violations of Cal. Penal Code § 631, (2) violations of Cal. Penal Code § 632, (3) violations of Cal. Penal Code § 632.7, and (4) violations of 18 U.S.C. § 2511(1)(a).  Dkt. No. 1 at 19–23.  Plaintiffs asserted federal question jurisdiction pursuant to their fourth cause of action and asserted supplemental jurisdiction over the remaining three causes of action.[1]  *Id*. at 2.

　　　The parties entered a stipulation to dismiss the § 631 and § 2511(1)(a) causes of action "without leave to amend, but with permission to seek leave to amend the complaint should discovery on the surviving claims cure the legal deficiencies."  Dkt. No. 28.  These claims were identical to those dismissed by this Court in *Adler v. Community.com, Inc.*, 21-cv-2416-SB, 2021 WL 4805435, at *4 (C.D. Cal. Aug. 2, 2021).  Pursuant to its prior order in *Adler*, the Court ordered the § 631 and § 2511(1)(a) causes of action dismissed without leave to amend.  Dkt. No. 36.  Consequently, this Court no longer has federal question jurisdiction.

---

[1] There appears to be no diversity jurisdiction as both Plaintiffs and Defendant are citizens of California.  Dkt. No. 1 at 2 (alleging that Defendant is headquartered in California); *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (stating diversity jurisdiction requires that "the citizenship of each plaintiff is different from that of each defendant").

Whether to retain "supplemental jurisdiction over state law claims after all federal claims have been dismissed lies within the district court's discretion." *Foster v. Wilson*, 504 F.3d 1046, 1051 (9th Cir. 2007).  "Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."  *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966); *accord* *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims.")

The parties are therefore directed to show cause no later than 9:00 a.m. on Friday, August 11, 2023, why the Court should not decline supplemental jurisdiction and dismiss this case without prejudice.

IT IS SO ORDERED.

Date: August 4, 2023

_____
Stanley Blumenfeld, Jr.
United States District Judge

2