Graham B. LippSmith (SBN 221984)
g@lippsmith.com
MaryBeth LippSmith (SBN 223573)
mb@lippsmith.com
Jaclyn L. Anderson (SBN 258609)
jla@lippsmith.com
**LIPPSMITH LLP**
555 S. Flower Street, Suite 4400
Los Angeles, California 90071
Tel: (213) 344-1820 / Fax: (213) 513-2495

Jeremy M. Glapion
*Admitted Pro Hac Vice*
jmg@glapionlaw.com
**GLAPION LAW FIRM**
1704 Maxwell Drive
Wall, New Jersey 07719
Tel: (732) 455-9737 / Fax: (732) 965-8006

Jason T. Dennett (WSBA #30686)
*Admitted Pro Hac Vice*
jdennett@tousley.com
Kaleigh N. Boyd (WSBA #52684)
*Admitted Pro Hac Vice*
kboyd@tousley.com
**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101-3147
Tel: (206) 682-5600 / Fax: (206) 682-2992

Attorneys for Plaintiff

*Counsel for Defendant listed on next page*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL MCGINNIS and CYNDY BOULTON, individually, and on behalf of all others similarly situated;<br><br>Plaintiffs,<br>v.<br><br>COMMUNITY.COM, INC.;<br><br>Defendant. | Civil Case No.: 2:23-cv-02426-SB-JPR<br><br>**JOINT RESPONSE TO ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION [Dkt. 48]**<br><br>Court:   Courtroom 6C<br>Judge:   Hon. Stanley Blumenfeld, Jr.<br><br>Date Action Filed:   March 31, 2023<br>Trial Date:   August 5, 2024 |

1

1  Tiffany Cheung (CA SBN 211497)
   TCheung@mofo.com
2  Michael Burshteyn (CA SBN 295320)
   MBurshteyn@mofo.com
3  Emani N. Oakley (CA SBN 347705)
   EOakley@mofo.com
4  **MORRISON & FOERSTER LLP**
   425 Market Street
5  San Francisco, California 94105-2482
   Tel: (415) 268-7000 / Fax: (415) 268-7522
6
7  Nancy R. Thomas (CA SBN 236185)
   NThomas@mofo.com
   **MORRISON & FOERSTER LLP**
8  707 Wilshire Boulevard, Suite 6000
   Los Angeles, California 90017-3543
9  Tel: (213) 892-5200 / Fax: (213) 892-5454

10 Elisabeth Hutchinson (Pro Hac Vice)
   EHutchinson@mofo.com
   **MORRISON & FOERSTER LLP**
11 7370 Seventeenth Street
   4200 Republic Plaza
12 Denver, Colorado 80202-5638
   Tel: (303) 592-1500 / Fax: (303) 592-1510
13
14 Attorneys for Defendant
   COMMUNITY.COM, INC.
15

16

17

18

19

20

21

2

**JOINT RESPONSE TO ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION**

# JOINT RESPONSE TO ORDER TO SHOW CAUSE
# RE: SUBJECT MATTER JURISDICTION

Plaintiff Cyndi Boulton ("Plaintiff")[1] and Defendant Community.com, Inc. ("Defendant") (together, the "Parties") hereby submit the following responses to the Court's Order to Show Cause Re: Subject Matter Jurisdiction ("OSC") (Dkt. No. 48):

*Plaintiff*

Plaintiff filed the Complaint in this action, asserting federal question jurisdiction based on a cause of action for violations of 18 U.S.C. § 2511(1)(a). That claim, however, was dismissed "without leave to amend, but with permission to seek leave to amend the complaint should discovery on the surviving claims cure the legal deficiencies" by Court-approved stipulation between the Parties. OSC at 1; *see also* Order Granting Stipulation to Dismiss Claims, Dkt. No. 36. Plaintiff makes no other claims pursuant to federal statute, so "this Court no longer has federal question jurisdiction." OSC at 1. As such, the Court directed the Parties to show cause "why the Court should not decline supplemental jurisdiction and dismiss this case without prejudice." *Id.* at 2.

///

---

[1] Plaintiff Michael McGinnis's claims were dismissed without prejudice on July 28, 2023. Dkt. No. 46.

1  Plaintiff acknowledges that the Court would ordinarily have the discretion to
2 decline supplemental jurisdiction given the current procedural posture of the case.
3 However, the Court also has original jurisdiction pursuant to the Class Action
4 Fairness Act ("CAFA"). *See* 28 U.S.C. § 1332(d)(2).

5  " . . . CAFA applies to class action lawsuits where the aggregate number of
6 members of all proposed plaintiff classes is 100 or more persons and where the
7 primary defendants are not States, State officials, or other governmental entities
8 against whom the district court may be foreclosed from ordering relief." *Serrano v.*
9 *180 Connect, Inc.*, 478 F.3d 1018, 1020 (9th Cir. 2007) (internal quotation marks
10 and citation omitted); *see also Diva Limousine, Ltd. v. Uber Techs., Inc.*, 392 F.
11 Supp. 3d 1074, 1082 (N.D. Cal. 2019). If those conditions are met, CAFA then "vests
12 federal courts with original diversity jurisdiction over class actions if: (1) the
13 aggregate amount in controversy exceeds $5,000,000, and (2) any class member is
14 a citizen of a state different from any defendant." *Serrano*, 478 F.3d at 1020–21
15 (internal quotation marks and citation omitted); *see also* 28 U.S.C. § 1332(d)(2)(A).
16 Thus, the minimal diversity requirement under CAFA is met if there are non-
17 California citizens within the putative class. *See Diva Limousine*, 392 F. Supp. 3d at
18 1083.

19  This action satisfies all requirements for invoking original jurisdiction in this
20 Court under CAFA. First, "[t]he Classes are comprised of thousands of individuals
21

4
**JOINT RESPONSE TO ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION**

nationwide and thousands of individuals in California," so the threshold requirement of involving 100 or more persons is met. Complaint, Dkt. No. 1, ¶ 97. Second, Plaintiff's claims are not made as to any State or other government entity. *See* Complaint, Dkt. No. 1. Third, Plaintiff alleges statutory damages for each violation on behalf of those thousands of individuals nationwide (*id.* ¶¶ 121, 128), easily satisfying the required amount in controversy. Last, Plaintiff makes claims on behalf of a proposed, nationwide class. *Id.* ¶ 93. Thus, there are many thousands of non-California citizens within the putative class, satisfying the minimal diversity requirement.

The requisite conditions for this Court's original jurisdiction under CAFA existed at the time of filing the Complaint, but jurisdiction under CAFA is not explicitly pled. *See* Complaint, Dkt. No. 1. A simple amendment to the Complaint would remedy this omission, should the Court be inclined to grant leave to amend for this purpose. *See Cipolla v. Team Enterprises, LLC*, No. C 18-06867 WHA, 2023 WL 2648204, at *3 (N.D. Cal. Mar. 26, 2023) ("Even though CAFA was never mentioned in any of the complaints, this order holds that this omission could be cured by amendment . . . .").

Further, should the Court decide to grant leave to amend the Complaint to allege original jurisdiction under CAFA, the Parties jointly request that Defendant's Motion to Dismiss be heard as scheduled given that such amendment would not have

any effect on the arguments made in the Motion to Dismiss and would not affect the substance of Plaintiff's allegations.

### *Defendant*

Community agrees with Plaintiff's view that the Court has discretion to decline supplemental jurisdiction and dismiss the case. Given the Court's familiarity with the claims and the factual allegations in this action based on its ruling in the *Adler v. Community.com* action, Community believes that judicial economy and convenience weigh in favor of the Court exercising its discretion to retain jurisdiction over the remaining state-law claims. *See, e.g.*, *Satey v. JP Morgan Chase & Co.*, 521 F.3d 1087, 1091 (9th Cir. 2008) (recognizing that in certain cases, judicial economy and convenience to the parties are "better accommodated by retaining the state law claim[s]" in the district court); *Green v. Ariz. Bd. of Regents*, No. CV-18-04665-PHX-SPL, 2020 WL 2512759, at *3 (D. Ariz. May 15, 2020) (retaining supplemental jurisdiction to rule on portion of motion to dismiss addressing state law claims, explaining "judicial economy, convenience, fairness, and comity are best served by retaining jurisdiction over the state law claims" because "procedural deficiencies in the case are fatal to Plaintiff's state law claims, . . . the state court is in no better position to decide the issue than this Court," and "[r]emanding the case to state court would only cause additional expense to both Plaintiff and Defendants").

In any event, Community does not oppose Plaintiff's proposal to file an amended complaint alleging CAFA jurisdiction. Community agrees with Plaintiff and jointly requests that the August 18, 2023 hearing on its pending Motion to Dismiss the Complaint for lack of standing and failure to state a claim remain on calendar in light of the case schedule the Court has set in the action and Plaintiff's statement that the proposed amendment will not change any of the factual allegations supporting the remaining two claims.

Respectfully submitted by,

Dated: August 11, 2023      **LIPPSMITH LLP**

By:   /s/ *Graham B. LippSmith*
      GRAHAM B. LIPPSMITH
      MARYBETH LIPPSMITH
      JACLYN L. ANDERSON

      **TOUSLEY BRAIN STEPHENS PLLC**
      JASON T. DENNETT
      KALEIGH N. BOYD

      **GLAPION LAW FIRM, LLC**
      JEREMY M. GLAPION

      *Attorneys for Plaintiff*

**MORRISON & FOERSTER LLP**

By:    */s/ Nancy R. Thomas*
        NANCY R. THOMAS
        TIFFANY CHEUNG
        MICHAEL BURSHTEYN
        EMANI N. OAKLEY
        ELISABETH HUTCHINSON

*Attorneys for Defendant*
COMMUNITY.COM, INC.

**JOINT RESPONSE TO ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION**

## ATTESTATION

Pursuant to Civil L.R. 5-4.3.4, I, Graham B. LippSmith, as the ECF user under whose credentials this document is filed, attest that concurrence in the filing of this document has been obtained from each of the other signatories.

I declare under penalty of perjury under the laws of California and the United States of America that the foregoing is true and correct. Executed at Los Angeles, California this 11th day of August, 2023.

        /s/ *Graham B. LippSmith*
        GRAHAM B. LIPPSMITH