UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MCGINNIS et al., <br><br> Plaintiffs, <br><br> v. <br><br> COMMUNITY.COM, INC., <br><br> Defendant. | Case No. 2:23-cv-02426-SB-JPR <br><br><br> ORDER DECLINING SUPPLEMENTAL JURISDICTION BUT GRANTING LEAVE TO AMEND COMPLAINT |

  Having dismissed the only federal cause of action, the Court ordered the parties to show cause why it should not dismiss the case for lack of subject matter jurisdiction. Dkt. No. 48. In a joint filing, the parties assert that it is in the interest of judicial economy for the Court to retain supplemental jurisdiction and that alternatively Plaintiffs can amend the complaint to plead diversity jurisdiction under the Class Action Fairness Act (CAFA). Dkt. No. 50. The parties further request that the pending motion to dismiss still be heard on August 18, 2023. *Id*. The Court will allow Plaintiffs to amend the complaint and will briefly continue the hearing to allow the parties to stipulate that the pending motion to dismiss can be deemed to respond to the anticipated amended pleading.

  Plaintiffs Michael McGinnis and Cyndy Boulton filed a complaint alleging four causes of action, asserting federal question jurisdiction in their fourth cause of action.[1] Dkt No. 1. After the parties stipulated to dismiss the fourth cause of action, Dkt. No. 28, the Court dismissed the only federal cause of action in the complaint, Dkt. No. 36. Concurrently with the dismissal, Defendant Community.com, Inc. moved to dismiss the remainder of the complaint. Dkt. No.

---

[1] A more comprehensive background is presented in the Court's Order to Show Cause RE: Subject Matter Jurisdiction. Dkt. No. 48.

32. Because the Court no longer had original jurisdiction, it ordered the parties to show cause why it should retain jurisdiction over the remaining state law claims. Dkt. No. 48.

The Court is not persuaded that it should exercise supplemental jurisdiction. "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988); *see also Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997) (stating that under Supreme Court precedent, "state law claims '*should*' be dismissed if federal claims are dismissed before trial"). The parties have not shown that this is an unusual case. Dkt. No. 50.

However, the Court will grant Plaintiffs' alternative and unopposed request to amend their complaint to assert CAFA jurisdiction. Dkt. No. 50. No later than August 18, 2023, Plaintiffs shall amend the complaint to address whether CAFA jurisdiction exists. Failure to do so may result in the Court dismissing the case without prejudice. If Plaintiffs timely amend the complaint, the parties may file a stipulation (1) stating the parties' intent to resubmit the motion to dismiss, the opposition thereto, and the reply as already filed (which will then be treated as a fully briefed motion to dismiss the first amended complaint) and (2) requesting to have the matter heard on September 15, 2023.

IT IS SO ORDERED.

Date: August 15, 2023

Stanley Blumenfeld, Jr.
United States District Judge