UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MCGINNIS et al., <br><br> Plaintiffs, <br><br> v. <br><br> COMMUNITY.COM, INC., <br><br> Defendant. | Case No. 2:23-cv-02426-SB-JPR <br><br><br> ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |

    Defendant Community.com, Inc. is a platform that purports to connect the general public to celebrities through a celebrity's direct telephone line.  Plaintiff Cindy Boulton[1] sent LL Cool J a text message at the telephone number LL Cool J represented as his own.  In response, she received a link to Defendant's platform and a message from LL Cool J asking her to sign up—a prerequisite to any further communication with him.  Plaintiff subsequently brought this suit alleging violations of the California Invasion of Privacy Act (CIPA).  Because Plaintiff failed to allege that her communication was confidential for purposes of her § 632 claim or that Defendant's platform is a telephone for purposes of her § 632.7 claim, the Court grants Defendant's motion.

I.

    Defendant is a platform that connects the general public to celebrities through direct messaging.[2]  Dkt. No. 53 ¶ 16.  Celebrities invite the public to text

---

[1] Plaintiff Michael McGinnis has dismissed all claims against Defendant leaving Boulton as the only remaining named plaintiff.  Dkt. No. 46.

[2] For purposes of the motion to dismiss, the Court assumes as true all facts alleged in the complaint.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

them at numbers they publicly announce and hold out as their direct phone lines. *Id.* ¶ 17. But when individuals text the number given, they receive a link to Defendant's platform and a message "ostensibly" from the celebrity asking them to sign up for the platform. *Id.* ¶¶ 19–21. Signing up is required before the individual can engage in any communication with the celebrity. *Id.* ¶ 18.

Plaintiff, after seeing a video LL Cool J posted on TikTok in which he claimed to be giving out his direct line, sent a text message to that number. *Id.* ¶¶ 45–46. Plaintiff does not provide the content of the message, or any other information about the message, in her complaint. In response, she received the automated messages requesting that she sign up for Defendant's platform, which she declined to do. *Id.* ¶¶ 49–50.

Instead, Plaintiff brought this lawsuit alleging violations of CIPA under California Penal Code §§ 631, 632, and 632.7, as well as a violation of the Electronic Communications Privacy Act under 18 U.S.C. § 2511. Dkt. No. 1. The parties subsequently stipulated to dismiss with prejudice the § 631 claim and the § 2511 claim, Dkt. No. 28, and the Court dismissed those claims pursuant to the stipulation (without ruling on the merits), Dkt. No. 36. Defendant then moved to dismiss the remaining claims. Dkt. No. 32. Because the parties previously had agreed to dismiss the only federal claim in a case invoking federal question jurisdiction, the Court ordered Plaintiff to show cause (OSC) why it should not decline to exercise supplemental jurisdiction over the remaining state law claims. Dkt. No. 48. In response, Plaintiff amended the complaint to allege diversity jurisdiction under the Class Action Fairness Act (CAFA). Dkt. No. 53. Because the only change was to allege new jurisdictional grounds, the Court again dismissed with prejudice the § 631 and § 2511 claims as stipulated and permitted the parties to make the fully briefed motion to dismiss applicable to the first amended complaint. Dkt. No. 55. The Court is satisfied that it has jurisdiction under CAFA, discharges the OSC, and proceeds to the merits of the motion to dismiss.

II.

Defendant contends that it is entitled to dismissal under Federal Rule of Civil Procedure 12(b)(1), because Plaintiff lacks standing to sue, and under Rule

2

12(b)(6), because Plaintiff fails to state a CIPA claim under § 632 or § 632.7.  Each contention is analyzed in turn.

A.

A complaint must be dismissed under Rule 12(b)(1) if the plaintiff lacks Article III standing to bring suit.  *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011).  The standing doctrine is derived from Article III's limitation on the judicial power of federal courts to hear only "actual cases or controversies." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 337 (2016) (internal citations omitted).  "The doctrine limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong." *Id.*  "The irreducible constitutional minimum of standing consists of three elements.  The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)) (cleaned up).  A plaintiff must show that the injury was "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 560 (internal quotations omitted).

"[A]n injury in law is not an injury in fact." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2205 (2021); *accord Spokeo*, 578 U.S. at 341 ("Article III standing requires a concrete injury even in the context of a statutory violation.").  "No concrete harm, no standing." *TransUnion*, 141 S. Ct. at 2200.  Plaintiff asserts that a CIPA violation on its own results in a sufficiently concrete injury to establish Article III standing.  Dkt. No. 44 at 6.  Further, and more specifically, Plaintiff claims that she suffered a concrete harm when Defendant invaded her privacy by collecting her phone number without her consent and learning that she wanted to speak with LL Cool J.  Defendant, for its part, contends that even if §§ 632 and 632.7 protect traditional privacy rights, Plaintiff cannot claim any recognized privacy injury because she fails to state a claim under those statutes.

"As a general rule, when the question of jurisdiction and the merits of the action are intertwined, dismissal for lack of subject matter jurisdiction is improper." *Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold & Easement in the Cloverly Subterranean, Geological Formation*, 524 F.3d 1090, 1094 (9th Cir. 2008) (cleaned up).  Here, Defendant acknowledges that standing and the merits are interdependent.  Because "[t]he relatively expansive standards of a 12(b)(1) motion are not appropriate for determining jurisdiction in a

case like this, where issues of jurisdiction and substance are intertwined," *Roberts v. Carrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987), the Court declines to dismiss for lack of standing and considers the merits under Rule 12(b)(6).

### B.

Under Rule 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted. A plaintiff must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" if the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In resolving a Rule 12(b)(6) motion, a court must accept all well-pleaded factual allegations as true, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Assuming the veracity of well-pleaded factual allegations, a court next must "determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. Applying this standard to the two CIPA claims remaining in this case, the Court finds that dismissal is required.

### 1.

CIPA § 632 imposes liability against a "person who, intentionally and without the consent of all parties to a confidential communication, uses an electronic amplifying or recording device to eavesdrop upon or record the confidential communication" of another. Defendant asserts that Plaintiff failed to allege that her text message was a confidential communication or that Defendant's platform is an electronic amplifying or recording device. Because Plaintiff's message was not a confidential communication, the Court does not decide whether Defendant's platform is an electronic amplifying or recording device.

Section 632 requires that the communication be confidential. The statute defines a confidential communication as:

> any communication carried on in circumstances as may reasonably indicate that any party to the communication desires it to be confined to the parties thereto, but *excludes a communication . . . in which the parties to the communication may reasonably expect that the communication may be overheard or recorded*.

Cal. Penal Code § 632(c) (emphasis added); *see also Flanagan v. Flanagan*, 27 Cal.4th 766, 768 (2002) (defining a confidential communication as one in which a "party to that conversation has an objectively reasonable expectation that the conversation is not being overheard or recorded").

The statutory definition of "confidential communication" is unambiguous as applied to this case. The definition expressly "excludes a communication" when the communicating parties "may reasonably expect that the communication may be . . . recorded." Cal. Penal Code § 632(c). Text messages by their nature are recorded. And the text message at issue in this case—in accordance with its nature—was recorded and reasonably expected to be recorded. Plaintiff conceded this point at the motion hearing and in her opposition brief. *See* Dkt. No. 44 at 18 ("It may be true, as Defendant argues, that a plaintiff cannot have an objectively reasonable expectation of privacy that a written, electronic communication would not be recorded . . . ."). And when pressed at the hearing about whether Plaintiff's knowledge of the recording doomed her claim, Plaintiff had "no response."

Plaintiff's concession is fatal to her claim. Because Plaintiff sent her text message in a format that she knew or reasonably could expect was "recorded," she cannot establish that it was confidential communication as required by § 632. Thus, the Court dismisses Plaintiff's § 632 claim with prejudice.

2.

Section 632.7 does not require proof of a confidential communication, but Plaintiff's § 632.7 claim suffers from a separate though equally fatal flaw.

To state a claim for a violation of § 632.7, Plaintiff is required to allege that:

> [Defendant,] without the consent of all of the parties to a communication, intercepts or receives and intentionally records, or assists in the interception or reception and intentional recordation of, a communication transmitted between two cellular radio telephones, a cellular radio telephone and a landline telephone, two cordless telephones, a cordless telephone and a landline telephone, or a cordless telephone and a cellular radio telephone.

Cal. Penal Code § 632.7. Defendant asserts that Plaintiff has failed to allege the requisite use of two telephones. The Court agrees.

The viability of the § 632.7 claim depends on an interpretation of the underlying statute. A basic principle of statutory construction under California and federal law is that an unambiguous statute must be construed according to its plain meaning. *Murphy v. Kenneth Cole Prod., Inc.*, 40 Cal.4th 1094, 1103 (2007) ("If the statutory language is clear and unambiguous our inquiry ends. If there is no ambiguity in the language, we presume the Legislature meant what it said and the plain meaning of the statute governs."); *accord Bostock v. Clayton Cnty., Georgia*, 140 S. Ct. 1731, 1737 (2020) ("When the express terms of a statute give us one answer and extratextual considerations suggest another, it's no contest. Only the written word is the law, and all persons are entitled to its benefit."); *Desire, LLC v. Manna Textiles, Inc.*, 986 F.3d 1253, 1265 (9th Cir. 2021) ("As in all statutory interpretation, our inquiry begins with the statutory text, and ends there as well if the text is unambiguous. When the statutory language is unambiguous, the plain meaning controls.") (cleaned up). This principle, when applied to the allegations in this case, requires dismissal of the § 632.7 claim.

Section 632.7 could not be more plain in limiting its applicability to phone-to-phone communication. To fall within its scope, § 632.7 requires telephonic communication on each end of the line—i.e., "a communication transmitted between [i] two cellular radio telephones, [ii] a cellular radio telephone and a landline telephone, [iii] two cordless telephones, [iv] a cordless telephone and a landline telephone, or [v] a cordless telephone and a cellular radio telephone." Cal. Penal Code § 632.7. As is evident, the California Legislature took pains to describe the specific phone-to-phone permutations falling within the protective reach of the statute. Because the statutory text leaves no room for ambiguity on this point, nothing more remains for this Court to do than to apply it. *See Valenzuela v. Nationwide Mutual Ins. Co.*, 22-cv-06177-MEMF, 2023 WL 5266033, at *10 (C.D. Cal. Aug. 14, 2023) ("Section 632.7 prohibits interception or recording of a communication between two phones."); *Byars v. Hot Topic*, 22-cv-1652-JGB, 2023 WL 2026994, at *10 (C.D. Cal. Feb. 14, 2023) ("The unambiguous meaning of the statute is thus that it only applies to communications involving two telephones."); *Motantes v. Inventure Foods*, 14-cv-1128-MWF, 2014 WL 3305578, at *4 (C.D. Cal. July 2, 2014) ("According to this list of included types of telephones, the communication must have a cellular radio or cordless telephone on one side, and a cellular radio, cordless, or landline telephone on the other side.").

Despite the plain statutory language, Plaintiff claims that § 632.7 does not require phone-to-phone communication. She argues: "Plaintiff need only allege that at least one cell phone or cordless phone was used in the subject

communication, and she alleges that she used her cell phone to send the subject text message." Dkt. No. 44, at 19.  At the motion hearing, Plaintiff conceded that there is no allegation in the operative complaint that her text message was transmitted to a type of telephone referenced in § 632.7 (i.e., a cellular radio, cordless, or landline telephone).  Instead, the operative complaint alleges that Defendant communicates through its platform, a software application, not a telephone.  *See* Dkt. No. 53 at 3 ("Community.com's Platform"); *id*. ¶¶ 89–90, 118 (referring to Defendant's software application).  By failing to allege (and by conceding that she is unable to allege) phone-to-phone transmission, Plaintiff has not (and cannot) state a claim under § 632.7.

### III.

Plaintiff has not met her burden of adequately pleading a cause of action under CIPA §§ 632 or 632.7.  Although leave to amend is to be liberally granted, "[f]utility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).  For the reasons discussed above, amendment would be futile.  The Court therefore GRANTS Defendant's motion to dismiss without leave to amend and DISMISSES this case in its entirety.  A separate judgment will be entered.

IT IS SO ORDERED.

Date: September 25, 2023

                                                  Stanley Blumenfeld, Jr.
                                                  United States District Judge