**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 28 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CYNDY BOULTON, individually, and on behalf of all others similarly situated, | No. 23-3145 |
| Plaintiff - Appellant, | D.C. No. 2:23-cv-02426-SB-JPR |
| v. | MEMORANDUM* |
| COMMUNITY.COM, INC., | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Stanley Blumenfeld, Jr., District Judge, Presiding

Argued and Submitted January 16, 2025
Pasadena, California

Before: RAWLINSON and M. SMITH, Circuit Judges, and RAKOFF, District Judge.**

Plaintiff Cyndy Boulton appeals the district court's order dismissing her complaint against Defendant Community.com (Community) for failure to state a claim under Fed. R. Civ. P. 12(b)(6). "We review an order granting a motion to

---

   *   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

   **  The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

dismiss de novo." *D'Augusta v. Am. Petroleum Inst.*, 117 F.4th 1094, 1100 (9th Cir. 2024). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm. Because the parties are familiar with the facts of this case, we do not recount them here except as necessary to provide context to our ruling.

1. The district court did not err in dismissing Boulton's Wiretap Act claim.[1] Under this statute, it is an offense to "intentionally intercept[]" any "electronic communication." 18 U.S.C. § 2511(1)(a). Our court has held that "intercept" has a "narrow definition" and that for a communication to be "intercepted" in violation of this statute, "it must be acquired during transmission, not while it is in electronic storage." *Konop v. Hawaiian Airlines, Inc.*, 302 F.3d 868, 878 (9th Cir. 2002). Boulton has failed to allege that her text message to LL Cool J was acquired "during transmission" even though LL Cool J himself never received Boulton's text because she did not sign up for Community's platform. Rather, even taking the facts in the light most favorable to Boulton, the only logical conclusion from the facts alleged in her complaint is that she texted a Community number and the

---

[1] Boulton's counsel had previously brought a similar case against Community in *Adler v. Community.com, Inc.*, No. 2:21-cv-02416, 2021 WL 4805435 (C.D. Cal. Aug. 2, 2021). In *Adler*, the district court dismissed the plaintiffs' Wiretap Act and California Invasion of Privacy (CIPA) § 631(a) claims with prejudice. Boulton brought the same Wiretap Act and CIPA § 631(a) claims as in *Adler* to preserve them. The parties jointly incorporated by reference the arguments made with respect to those claims in *Adler* and asked the district court to dismiss those claims on the same terms; the district court granted that dismissal.

text was received at that number. Boulton's repeated assertions that Community "intercepted" her text message are simply conclusory, and this court "[is not] required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1008 (9th Cir. 2018) (quoting *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008)). Therefore, because Community could only have accessed Boulton's text while it was in electronic storage, Boulton has failed to state a claim under the Wiretap Act. *See Konop*, 302 F.3d at 878.

    2. For similar reasons, the district court did not err in dismissing Boulton's California Invasion of Privacy Act (CIPA) § 631(a) claim against Community. This statute makes it an offense to "read[], or attempt[] to read, or to learn the contents or meaning of" a communication "without the consent of all parties" while that communication is "in transit . . . or is being sent from, or received at any place" in California. Cal. Penal Code § 631(a). Based on the facts alleged in the complaint, Community could have only read or attempted to read Boulton's text after it was received at LL Cool J's Community number, so the text could not have been accessed "in transit" within the meaning of § 631(a). Additionally, like the district court, we reject Boulton's further argument that "[being] received at" should be read to prohibit non-consensual access to any communication merely received in California. As the district court noted, this interpretation is one of

"extraordinary breadth," and neither Boulton's statutory construction arguments nor her purpose-based arguments is persuasive.

  3. Next, the district court did not err in dismissing Boulton's CIPA § 632 claim against Community.  This statute makes it an offense to "eavesdrop upon or record" a "confidential communication."  Cal. Penal Code § 632(a).  However, the statute excludes from the definition of "confidential communication" a communication made in "any other circumstance in which the parties to the communication may reasonably expect that the communication may be overheard or recorded."  *Id.* § 632(c).  The district court dismissed Boulton's § 632 claim because text messages are by nature recorded and so cannot be "confidential communications" per the exclusion clarified in § 632(c).  Although the California Supreme Court has not yet decided whether this statutory exclusion applies to text messages, California appellate courts have held that the exclusion can apply to internet chat messages.  *See, e.g., People v. Nakai*, 183 Cal. App. 4th 499, 518–19 (2010) (finding that the Yahoo! chat messages at issue were not confidential communications in part because the defendant "was communicating online with a person whom he did not know, via writing and photographs" and that such writings and photographs can be instantaneously shared with thousands of others via the internet).  Therefore, because texts are a recorded medium, and because Boulton admitted during the hearing on the motion to dismiss that she knew her text to LL

Cool J would by nature be recorded, her text was not a "confidential communication" protected by § 632 due to the statutory exception clarified in § 632(c).

    4.  Finally, the district court did not err in dismissing Boulton's CIPA § 632.7 claim. Under § 632.7, it is an offense to intercept a communication transmitted "between two cellular radio telephones, a cellular radio telephone and a landline telephone, two cordless telephones, a cordless telephone and a landline telephone, or a cordless telephone and a cellular radio telephone." Cal. Penal Code § 632.7(a). Boulton has not alleged that her text to LL Cool J was a transmission between two telephones as plainly required by the statute and as so interpreted by California courts. *See, e.g.*, *Hataishi v. First Am. Home Buyers Prot. Corp.*, 223 Cal. App. 4th 1454, 1469 (2014). Rather, her complaint alleges that she texted LL Cool J's Community number and that Community is a "social media platform." Therefore, because she did not and cannot allege that her text was received by a phone, the district court correctly found that she did not and could not state a claim under § 632.7.

    **AFFIRMED.**